**Anthony CICCONE, Plaintiff,**

v.

**WATERFRONT COMMISSION OF NEW YORK HARBOR, Ralph C. DeRose, Joseph Kaitz, Jerome T. Klied, and Irving Malchman, Individually and as Commissioners, Assistant to the Executive Director and Director of Litigation and Research of the Waterfront Commission of New York Harbor, respectively, Defendants.**

**No. 77 Civ. 2630.**

United States District Court,
S. D. New York.

July 13, 1977.

---

Schulman, Abarbanel & Schlesinger, New York City, for plaintiff, by Benjamin Schlesinger, David Jaffe, New York City, of counsel.

Irving Malchman, New York City, for defendants, by Richard Paul Cohen, New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge.

Plaintiff, a longshoreman registered with defendant Waterfront Commission of New York ("the Commission"), has brought this suit to enjoin the Commission from proceeding with a disciplinary hearing to determine whether to revoke, cancel or suspend his registration, alleging violations of the due process clauses of the United States and New York Constitutions, the federal and state Freedom of Information Acts, and the Civil Rights Act of 1871, 42 U.S.C. § 1983, as well as the existence of a federal question arising out of Section 302 of the Labor Management Relations Act, as amended, 29 U.S.C. § 186. Jurisdiction is based on 28 U.S.C. §§ 1331, 1337 and 1343(3).

Plaintiff has moved for a preliminary injunction restraining the Commission from holding the hearing until it has made available all of its decisional and non-decisional materials, and a subject matter index thereto, bearing on the charges against plaintiff. The charges alleged that plaintiff, while a union officer, accepted something of value—a leased Buick automobile—from his employer over and above his compensation, thereby rendering his presence at the waterfront a "danger to the public peace and safety," a disqualifying cause from initial registration. Such conduct is alleged to constitute an offense under the Waterfront Commission Act, Part I, Article VIII, Sections 5(a) and 3(c), N.Y. Unconsolidated Laws §§ 9831(a) and 9829(c) (McKinney's 1974), both in and of itself and as a purported violation of Section 302 of the Labor-Management Relations Act, as amended, 29 U.S.C. § 186, and of Sections 722 and 723 of the New York State Labor Law.

Defendants, in response to this motion, have cross-moved for summary judgment.[1] Since the facts are undisputed and summary judgment is appropriate, plaintiff's motion for a preliminary injunction is denied.

Plaintiff's complaint is rooted in the conceded and unsuccessful attempts of his counsel to obtain from the Commission, in anticipation of the disciplinary hearing, a subject matter index to all decisional and non-decisional materials of the Commission and all decisions of the Commission bearing on the standard of "danger to public peace or safety," in the face of repeated representations by the Commission that no subject matter index is in existence, that all reports and decisions of the Commission are alphabetically indexed, that any and all such decisions will be made available to plaintiff's counsel on request and that no internal guidelines or manuals are extant. Irving Malchman, Director of Litigation and Research for the Commission, has attested that neither a subject matter index nor internal instructional materials are in existence. The Commission has further disclosed the names of those decisions of which Mr. Malchman is aware which are arguably relevant to the proceedings to be held against plaintiff.

Notwithstanding the above, plaintiff argues that the Commission is operating under a secret body of law, to which, in the absence of a subject matter index which he seeks to compel the Commission to prepare in advance of the hearing, plaintiff and his counsel are denied effective access. This denial is purported to result from the excessive cost involved in researching the alphabetically indexed materials. Plaintiff thus claims that he is precluded from preparing a defense at the hearing and due process is denied him.[2]

Defendants' motion for summary judgment principally asserts lack of subject matter jurisdiction and failure to raise a cognizable federal claim on the facts

---

1. On June 14, 1977, defendants attempted to bring on the summary judgment motion by order to show cause so that it could be considered in opposition to plaintiff's motion for a preliminary injunction. I did not sign the application for an order to show cause since plaintiff submitted on that date a 29-page reply brief and 4-page reply affidavit of his counsel "in opposition to defendant's motion for summary judgment and in further support of plaintiff's motion for a preliminary injunction." Plaintiff's counsel additionally advised my chambers that no statement pursuant to Rule 9(g) of the General Rules of the Southern and Eastern Districts had yet been submitted and was told not to be concerned about it. Indeed, the facts as stated in defendants' 9(g) statement had been expressly conceded in plaintiff's submissions.

   In light of the position of clear opposition to the summary judgment motion taken by plaintiff, I am somewhat perplexed by a July 1, 1977 letter from plaintiff's counsel indicating that plaintiff and his counsel "are not aware that there is such a pending motion" for summary judgment. Plaintiff's counsel now states:

   "I should say in complete candor that our reply papers which were submitted to Your Honor on June 14 did contain passing references to the Commission's motion for summary judgment. This was because the papers were somewhat hastily drawn over the weekend after the late service by the Commission and we were uncertain as to what the next few hours would bring in the form of a signed order to show cause or a notice of motion. Having received neither, we assumed that there was no pending motion for summary judgment."

   If a 29-page brief and 4-page affidavit submitted "in opposition to defendants' motion for summary judgment . . .." (Schlesinger Aff. ¶ 1) is a mere "passing reference," it is difficult to conceive of what a direct response would entail. Moreover, by letter dated June 29, 1977, plaintiff's counsel informed me that Judge Scotti, the administrative law judge before whom the Commission hearing will be held, had adjourned such hearing pending determination "of the *motions*" before me. To represent now in the face of the above that plaintiff and his counsel "assumed" the nonexistence of a summary judgment motion cannot be countenanced. Indeed, since Judge Scotti agreed to put over the matter until the motions are decided, one must wonder if the July 1, 1977 letter is merely a ploy to obtain an unwarranted delay in the matter.

2. Plaintiff also contends that access to this body of law is denied Judge Scotti, as well as the Commission itself. Judge Scotti, however, rejected this contention when pressed before him in favor of the view that he was merely to find the facts, and that if erroneous legal standards were applied to those facts as he found them, plaintiff had adequate recourse to the courts for review.

presented. The jurisdictional objections will initially be considered.[3]

The Commission contends that jurisdiction under 28 U.S.C. § 1337, which confers jurisdiction on federal courts over actions arising under Acts of Congress regulating commerce, is lacking since plaintiff's claim does not arise under Section 302 of the Labor Management Relations Act, as amended, 29 U.S.C. § 186, as alleged. In order for an action to arise under an Act of Congress regulating commerce, it must appear that the complaint seeks a remedy granted by such Act or that the action turns on the interpretation of the same. *Garrett v. Time-D.C. Inc.,* 502 F.2d 627 (9th Cir. 1974), *cert. denied,* 421 U.S. 913, 95 S.Ct. 1569, 43 L.Ed.2d 778 (1975); *Russo v. Kirby,* 453 F.2d 548 (2d Cir. 1971). Such is not the case here presented.

Although one of the issues to be heard before the Waterfront Commission involves an alleged violation of Section 302 of the Labor Management Relations Act, plaintiff's complaint is not directed at the merits of that charge. Instead, the gist of his complaint is a denial of due process resulting from non-access to Commission decisional and non-decisional materials. Presumably, some of those materials deal with this Act, but the particular content of the materials is at best only tangential to the claim and certainly not an element of plaintiff's cause of action. It is a clearly insufficient basis on which to hold that this action "arises under" that Act within the meaning above enunciated; accordingly, I will not so hold. Additionally, since the standard for determining whether an action arises under an Act of Congress for the purposes of general federal question jurisdiction under 28 U.S.C. § 1337, *Russo v. Kirby, supra,* to the extent that plaintiff's claim is premised on § 1331 and rooted in the Labor-Management Relations Act, subject matter jurisdiction is likewise lacking.

The attack on the remaining federal claims is two-fold. Defendants contest the applicability to the Commission of the Freedom of Information Act, 5 U.S.C. § 552, which requires the maintenance of a subject matter index; and they deny that the Commission is operating under a secret body of law in violation of due process.

The Waterfront Commission Act, N.Y. Unconsolidated Laws §§ 9801 *et seq.* (McKinney's 1924), which created the Commission, specifically declared it to be "an instrumentality of the states of New York and New Jersey." N.Y. Unconsolidated Laws § 9807 (McKinney's 1974). The Supreme Court has recognized that the Commission is a bi-state agency, and has referred to a Commission investigator as a "state official." *Cleary v. Bolger,* 371 U.S. 392, 399, 83 S.Ct. 385, 9 L.Ed.2d 390. *See also DeVeau v. Braisted,* 363 U.S. 144, 80 S.Ct. 1146, 4 L.Ed.2d 1109. As a State instrumentality, the Commission is not an "agency" within the meaning of the Freedom of Information Act, 5 U.S.C. § 552 since an agency for the purposes of that Act is defined as "each authority of the Government of the United States . . ." 5 U.S.C. § 551(1). Thus, the Freedom of Information Act is unavailable to plaintiff as a means of compelling the preparation of the information it seeks.

The defendants next maintain that plaintiff's contention that the Commission is operating under a secret and unascertainable body of law is meritless, despite the lack of a subject matter index. Plaintiff argues that in order to properly defend against a charge of "danger to the public peace or safety," he must be given the opportunity to learn how the Commission has factually interpreted that standard, and that in order to rule other than arbitrarily on the charges against plaintiff, Judge Scotti must be knowledgeable of that interpretation, as well. Although I am by no means unsympathetic to plaintiff's plight, it is not one that rises to constitutional proportions on the undisputed facts presented.

3. As a result of plaintiff's amending the complaint, the Commission has withdrawn its objection to jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343, as well as under

28 U.S.C. § 1331, insofar as the amount in controversy is questioned. The amended complaint renders the same moot.

Defendants have offered to make their files available to plaintiff and have informed plaintiff of all known unreported decisions which possibly may bear on the charges against plaintiff. My research, and that of defendants, has revealed readily available, although few, reported federal and state cases bearing on the interpretation of the standard of "danger to public peace or safety." Mr. Malchman has attested to the Commission's view that the case against plaintiff is one of first impression. Presumably, in light of the importance of this affirmation, the Commission will not rely on any other cases in its findings which may subsequently surface without allowing plaintiff and his counsel an opportunity to examine them and argue their applicability.[4] Moreover, the mere fact that a ruling must be made in a case of first impression does not mean that the same will be an arbitrary one. "[I]t is to be presumed that the Commission will not act arbitrarily, and if it does its action can be attacked directly in the hearing procedure provided and in the courts." *Lineham v. Waterfront Commission,* 116 F.Supp. 683, (S.D.N.Y.), *aff'd* 347 U.S. 439, 74 S.Ct. 623, 98 L.Ed. 826 (1953).

Thus, it does not appear, even with the difficulty in locating legal materials bearing on plaintiff's case before the Commission, that the Commission is operating under a covert body of law which is being withheld from the plaintiff. And, in any event, although the Commission's failure to maintain a subject matter index to its materials may be surprising, it is not in and of itself unconstitutional, particularly where access to the law is available through other means. I am aware of no case which has held otherwise, and plaintiff has been unable to point to such a case.

*Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), relied on by plaintiff, is inapposite. In that case the Supreme Court ruled that states must protect the rights of access to the courts of prison inmates by providing them with adequate law libraries or alternate sources of legal assistance. Nothing in the instant case indicates that plaintiff is other than adequately represented by competent and knowledgeable legal assistance [5] or that access to the courts is denied him. Indeed, the Waterfront Commission Act amply provides for such access in judicial review of Commission determinations. N.Y. Unconsolidated Laws § 9851 (McKinney's 1974).

Nor does *Holmes v. New York City Housing Authority,* 398 F.2d 262 (2d Cir. 1968) control. In *Holmes,* the Second Circuit sustained the sufficiency of a complaint alleging a due process violation resulting from the failure of the agency to adopt any selection procedure or standards for housing in scarce supply. Plaintiff is here presented with no "unascertainable" standards or procedures; he has been apprised of that material bearing on his case and the Commission's position with regard thereto, and he has available an opportunity to judicially contest any procedures followed at a later date.

Accordingly, plaintiff's claim of denial of due process is untenable on the undisputed facts.[6]

Since plaintiff has failed on this motion to sustain any viable federal claim, jurisdiction over the heretofore pendent state

---

4. Indeed, were the Freedom of Information Act applicable, it would preclude the agency from relying on unindexed decisions. 5 U.S.C. § 552(a)(2).

5. The mere commencement of this action bespeaks diligence on the part of plaintiff's attorneys. Defendants additionally point out that plaintiff's co-counsel has practiced before the Commission for five years as counsel for the Legal Aid Plan of Local 1814 of the International Longshoremen's Association, and is thus knowledgeable with regard to Commission practices and interpretations of the standard in

question. Of course, were the Commission constitutionally required to maintain a subject matter index, it would have to do so despite any private knowledge of plaintiff's co-counsel.

6. Because plaintiff's federal claim is in part based on 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3), and because of my view of the merits, it was unnecessary for me to consider defendants' alternate arguments relating to exhaustion and abstention, which plaintiff has actively opposed.

claims is declined. *See Calderone Enterprises Corp. v. United Artists Theatre Circuit, Inc.,* 454 F.2d 1292 (2d Cir. 1971), *cert. denied,* 406 U.S. 930, 92 S.Ct. 1776, 32 L.Ed.2d 132 (1972).

Plaintiff's motion for a preliminary injunction is denied. Defendants' motion for summary judgment is granted. Settle judgment on three days' notice.