■ JOSE M. ARZUAGA, an Infant, by His Mother and Natural Guardian, GENEVIVA RIVERA, et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—Order, Supreme Court, New York County, entered February 28, 1979, granting the petition and directing that the respondent reveal its records in this matter, excepting materials prepared for litigation, unanimously reversed, on the law, and the petition dismissed, with costs. Petitioner, after having been injured in a subway, filed a notice of claim

with the New York City Transit Authority. Petitioner's counsel, by letter dated November 10, 1978, requested all police and other records in the possession of the transit authority. The claimed statutory authority for granting this request was article 6 of the Public Officers Law, known popularly as the Freedom of Information Law. This request was denied by the transit authority with the advice that police reports could be obtained by writing to the transit authority police and enclosing the appropriate fee. Petitioner instituted this article 78 proceeding to compel the production of these records. Special Term granted relief to the petitioner, and we would reverse. We note in the first instance that the police reports were not refused him, but, rather, he was required to pay the appropriate fee to obtain them. The balance of the records which were sought were properly denied to petitioner. The gravamen of article 6 of the Public Officers Law is to give the public access to documents explaining the bases of governmental decision making (Public Officers Law, § 84), subject to reasonable limitations (see, e.g., Public Officers Law, § 87, subd 2). We have noted in the past that the law was not intended to afford a new research tool to private litigants in matters not affected by a public interest *(Matter of D'Alessandro v Unemployment Ins. Appeal Bd.,* 56 AD2d 762, 763).* Petitioner has not shown that his request is anything other than an ill-advised shortcut to the Civil Practice Law and Rules discovery procedures. We note, parenthetically, that were this to be deemed a notice for discovery pursuant to CPLR 3120, it would have to be stricken as overly broad in scope *(City of New York v Friedberg & Assoc.,* 62 AD2d 407), and were it to be deemed a notice of discovery in aid of framing a complaint it, too, would fail (see, e.g., CPLR 3102, subd [c]; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3102.14). Concur —Murphy, P. J., Lane, Lupiano, Silverman and Ross, JJ.

* The 1977 amendments, which became effective January 1, 1978, do not affect that ruling (see, e.g., *Matter of New York Teachers Pension Assn. v Teachers' Retirement System of City of N. Y.,* 71 AD2d 250).