Robert RANKEL, Plaintiff,

v.

TOWN OF GREENBURGH, Greenburgh Police Department Arresting Officers, Defendants.

No. 86 Civ. 2458 (DNE).

United States District Court, S.D. New York.

Sept. 10, 1987.

Robert Rankel, pro se.

Termini & Epstein, New York City, John C. Brazil, Edward J. Rinaldi, Deputy Town Atty., Town of Greenburgh, Greenburgh, N.Y., for defendant Town of Greenburgh.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Robert Rankel ("Rankel") filed his *pro se* Complaint in this action against the Town of Greenburgh ("Town") and unidentified Town police officers on March 25, 1986. Rankel seeks damages pursuant to 42 U.S.C. section 1983 as a result of an allegedly illegal arrest. This matter was referred to Magistrate Michael H. Dolinger. On October 17, 1986, the Magistrate recommended that the Town's motion to dismiss the Complaint be denied and that Rankel's motions seeking a default judgment be denied. Objections were filed by Rankel on October 30, 1986. The Town's motion to dismiss the action is denied and Rankel's motions seeking a default judgment are denied.

## BACKGROUND

Rankel filed his Complaint on March 25, 1986. On April 3, 1986, Rankel filed a Notice of Motion, dated April 1, 1986, seeking production of documents from the Town. On May 5, 1986, Rankel filed a request dated April 28, 1986, pursuant to the federal Freedom of Information Act ("FOIA") and the New York Public Officers Law ("POL"), seeking from the Town police department records relevant to Rankel's arrest. On June 24, 1986, the Magistrate sent a letter to Rankel noting that the court's record in this action did not reflect any service of the Summons and Complaint on the defendants. Further, the Magistrate warned Rankel that pursuant to Fed.R.Civ.P. 4(j) if service was not accomplished within 120 days after the filing of the complaint—in this case July 23, 1986— the court would be required to dismiss the Complaint without prejudice unless Rankel could show good cause for his failure to accomplish service.

On June 27, 1986, the Magistrate received a letter from Rankel alleging that he had served the April 1, 1986, motion and the April 28, 1986, FOIA and POL request on defendants.[1] Rankel alleged that he had not received a response to his motion nor to the request and asked that Magistrate Dolinger grant him additional time within which to serve the defendants. By Order of June 27, 1986, Magistrate Dolinger extended Rankel's time to serve the individual defendants to August 31, 1986. The June 27, 1986, Order explicitly excludes the Town from the Magistrate's extension of the time within which Rankel would have to serve the individual defendants. Pursuant to this Order, Rankel's cutoff date for service upon the Town remained as July 23, 1986. On June 29, 1986, Rankel applied for service to be made upon the Town Attorney for the Town of Greenburgh by the U.S. Marshal. Rankel's application was received by that office on July 9, 1986, and process was mailed on that same day to the Town Attorney pursuant to Rankel's request.

On August 5, 1986, Rankel sent a letter to the Magistrate asserting that two discovery motions had been served on each

---

1. Rankel's assertion that he had served the motion and request upon the "defendants" must be incorrect because at that time Rankel did not know the identity of any of the police officers he claims to have served. In fact, the identities of the arresting officers was the very information sought by his FOIA and POL request.

defendant on April 1, 1986,[2] to which there had been no response. Rankel therefore requested that the Magistrate either order defendants to respond to Rankel's motions or enter a default judgment against the defendants. By Order of August 8, 1986, Magistrate Dolinger deemed Rankel's letter of August 5, 1986, to be a motion for entry of a default judgment against the Town and ordered the Town to respond to the default motion by no later than August 22, 1986. On August 21, 1986, in compliance with the Magistrate's Order of August 8, 1986, the Town responded to the motion for a default judgment by submitting an affidavit in opposition to the motion and by filing a Notice of Motion for a cross-motion to dismiss the action due to Rankel's failure to properly effectuate service upon the Town. In sum, the Town's cross-motion asserted that the July 9, 1986, service of the Summons and Complaint was made by mail, violating Fed.R.Civ.P. 4(d)(6) which requires service upon a municipal corporation such as the Town to be made by delivery of the Summons and Complaint, not by mail.

On August 27, 1986, the Magistrate received a hand written motion from Rankel dated August 24, 1986, opposing the Town's cross-motion and requesting entrance of the default judgment. In support of his motion, Rankel asserted in the letter that he himself had personally served the Town Clerk for the Town of Greenburgh with a copy of the Summons and Complaint on August 5, 1986, and that during conversations on that day the Town Clerk and a detective in the Town Police Department each told Rankel that they were aware of Rankel's discovery motion and FOIA and POL request.[3]

Thereafter, a "Process Receipt and Return" filed with the court evidences that the U.S. Marshal executed service, by delivery rather than by mail, upon a deputy clerk of the Town of Greenburgh on August 27, 1986.

On September 4, 1986, Rankel filed a Notice of Motion again seeking default judgment due to the Town's alleged failure to respond to Rankel's letter of August 5, 1986, which he concluded violated the Magistrate's Order of August 8, 1986. Rankel also reasserted his claim that default should be entered due to the Town's failure to respond to his discovery motion of April 1, 1986, and his FOIA and POL request of April 28, 1986. Further, Rankel recounted his meeting with the Town Clerk and a Town detective on August 5, 1986, this time, however, failing to assert as he had in an earlier submission that he had personally served the Town Clerk at that time.

On September 15, 1986, the defendant Town filed an answer to Rankel's Complaint.

On October 3, 1986, the Town filed an affirmation in opposition to Rankel's September 4, 1986, motion for a default judgment. The affirmation pointed out that the Town was not in default of the Magistrate's August 8, 1986, Order because the Town had submitted to the Magistrate a cross-motion and affirmation in opposition to Rankel's August 5, 1986, letter on August 21, 1986. Further, the Town enclosed a copy of the Police Department incident report and a supplementary Police Report regarding Rankel's arrest and informed the Magistrate that the Town would investigate to determine if any other relevant documents existed, asserting that it was not the Town's intention to deny Rankel any documents he may be entitled to.

On October 17, 1986, the Magistrate recommended that the court deny Rankel's motion for a default judgment and that the court deny the Town's motion to dismiss the action. The Magistrate, however, did not determine whether Rankel properly effectuated service upon the Town in accordance with the Federal Rules of Civil Procedure and the Civil Procedure Rules and

---

**2.** From the motion papers filed with the court by Rankel on September 4, 1986, it is apparent that the motions referred to are the discovery motion of April 1, 1986, and the FOIA and POL request dated April 28, 1986.

**3.** Accepting Rankel's assertion, service on August 5, 1986, is clearly beyond the July 23, 1986, deadline Ordered by the Magistrate on June 27, 1986.

Laws of the State of New York. On October 30, 1986, Rankel filed objections to the Magistrate's Report and Recommendation in the form of a copy of the Complaint which he altered by the addition of general allegations that the Town's failure to respond to the Complaint, the April 1, 1986, motion· for production of documents, and the April 28, 1986, FOIA and POL request, was "wilfull and intentional."

### DISCUSSION

*Motions for a Default Judgment*

Rankel's motions for a default judgment rest upon three grounds: first, the Town's failure to timely respond to his Complaint; second, the Town's failure to timely respond to two discovery requests made by Rankel; and third, the Town's alleged failure to respond to Rankel's August 5, 1986, letter in violation of the Magistrate's August 8, 1986, Order.

█ In order to obtain a default judgment, a plaintiff must properly serve the defendant with a copy of the Summons and Complaint in accordance with the Federal Rules of Civil Procedure and the applicable state rules. Rankel alleges that he served Town in two ways: by mailing the Summons and Complaint to the Town Attorney, and by personally delivering a copy of the Summons and Complaint to the Town Clerk. The court finds neither method sufficient to constitute successful service upon the Town pursuant to the appropriate state and federal rules.

█ The Town is a municipal corporation. Under Fed.R.Civ.P. 4(d)(6) a municipal corporation is properly served by delivery of the Summons and Complaint to the chief executive officer of the municipal corporation in the manner prescribed by the law of the state in which service is to be made. The Town is a municipal coporation within the state of New York. Pursuant to New York Civil Procedure Rule 311(5) (McKinney 1983) service upon a town can only be made by delivery of a copy of the summons and complaint to the Town Supervisor or the Town Clerk. Hence, Rankel's attempt at service by mailing a copy of the Summons and Complaint upon the Town Attorney is insufficient ·for two reasons. First, pursuant to section 311(5) service can only be made upon the Town Supervisor or the Town Clerk, not upon the Town Attorney. Second, Fed.R.Civ.P. 4(d)(6) requires that service upon a municipal corporation must be effectuated by delivery, not by mail. Hence, Rankel's causing a copy of the Summons and Complaint to be mailed to the Town Attorney does not constitute proper service upon the Town pursuant to N.Y.C.P.R. 311(5) and Fed.R.Civ.P. 4(d)(6).

In any event, Rankel's allegation that he served the Town Clerk personally on August 5, 1986, is insufficient. Initially, ·the court notes that no proof of such service has been filed with the court either at the time of service nor along with any of Rankel's pleadings or letters. Hence, this court cannot accept Rankel's assertion that such delivery of the Summons and Complaint was ever made. Even if Rankel personally delivered a copy of the Summons and Complaint to the Town Clerk on August 5, 1987, such service would be ineffective because, pursuant to Fed.R.Civ.P. 4(c)(2)(A), service may not be made by a party to the action.

Consequently, Rankel's attempts at service alleged in his default motions are insufficient to support a default. This fact seems to have been apparent to Rankel himself who, following the Town's cross-motion to dismiss for lack of proper service, apparently caused the U.S. Marshall to deliver a copy of the Summons and Complaint to the deputy clerk of the Town on August 27, 1986.[4]

Rankel's second basis for a default judgment is the Town's failure to timely respond to his motion of April 1, 1986, which sought production of documents, and his April 28, 1986, request pursuant to FOIA and POL seeking the names of his arresting officers. Rankel's application for en-

---

**4.** Though the record does not indicate whether Rankel requested the further attempt at service of August 27, 1986, this court feels comfortable in the assumption that the U.S. Marshall did not decide to attempt to effectuate service of its own accord.·

trance of default on this ground is both unsupported and unpersuasive.

■■■ Initially, the court notes that Rankel has once again produced no evidence that these requests were ever served upon any defendant. Second, at the time these requests were allegedly served, no defendant had yet been properly served in the action. Further, Rankel's motion and his FOIA and POL request are insufficient to create any duty of the Town to respond. The April 1, 1986, motion is actually only a Notice of Motion requesting that the court grant Rankel certain discovery. The Magistrate, to whom this motion was referred along with the action on April 1, 1986, never granted Rankel's motion. In fact, the motion is insufficient as a matter of law in that it is conspicuously missing a memorandum of law as required by Local Civil Rule 3(b).[5] Further, Rankel's April 28, 1986, FOIA and POL request is also insufficient. First, FOIA does not apply to municipal corporations. 5 U.S.C. section 552; *see Kerr v. United States District Court for the Northern District of California*, 511 F.2d 192, 197–98 (9th Cir.1975) *aff'd* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Second, though Rankel also invokes New York State's information act, Public Officers Law, section 84, et seq. (McKinney's Supp.1987), Rankel failed to tender the appropriate fee required to obtain the police records he seeks. *See Arzuaga v. New York City Transit Authority*, 73 A.D.2d 518, 519, 422 N.Y.S.2d 689, 690 (1st Dep't 1979) (mem.). Further, New York's Public Officers Law was not intended to afford a new research tool to private litigants in matters not affected by a public interest. *See Matter of D'Alessandro v. Unemployment Insurance Appeal Board*, 56 A.D.2d 762, 763, 392 N.Y.S.2d 433, 434 (1st Dep't 1977) (mem.). Rankel has not shown that his request is anything other than an "ill-advised shortcut" to the Federal Rules of Civil Procedure. *Arzuaga v. New York City Transit Authority*, 73 A.D.2d at 519, 422 N.Y.S.2d at 690.

Therefore, Rankel's motions for default based upon the Town's failure to respond to his April 1, 1986, motion or his April 28, 1986, FOIA request are rejected.

Finally, Rankel's September 4, 1986, motion seeks entry of a default judgment on the ground that the Town violated Magistrate Dolinger's August 8, 1986, Order. Rankel is incorrect. The Magistrate's Order deemed Rankel's August 5, 1986, letter to be a motion for entry of a default judgment against the Town and directed the Town to respond to the motion by no later than August 22, 1986. On August 21, 1986, the Magistrate received the Town's affidavit in opposition to Rankel's motion along with the Town's Notice of Motion of the Town's cross-motion to dismiss the complaint. Hence, Rankel's third basis for default is also without merit. Rankel's motions for the entrance of a default judgment are denied.

*Motion to Dismiss*

Defendant Town cross-moved on August 21, 1986, to dismiss the action due to Rankel's failure to properly serve defendant in accordance with the Federal Rules of Civil Procedure and New York's Civil Procedure Laws and Rules.

■■■ The invalidity of attempted service of process does not necessitate the dismissal of the complaint. *See Grammenos v. Lemos*, 457 F.2d 1067, 1071 (2d Cir.1972). Even if initial service is found to be inadequate, the court has discretion to decline to dismiss in order to permit an additional attempt at service. *See, e.g., Alexander v. Unification Church of America*, 634 F.2d 673, 675 (2d Cir.1980).

■■■ On August 27, 1986, the U.S. Marshal delivered process in this action, certified by the clerk of the court, to the deputy clerk of the Town and filed proof of such service with the court. On September 15, 1986, the Town filed an answer in this action which failed to object to the August

---

**5.** Rule 3(b) of the Civil Rules of the Southern District of New York provides in part: "Upon any motion the moving party shall serve and file with the motion papers a memorandum setting forth the points and authorities relied upon in support of the motion...."

27, 1986, service.[6] In view of these facts and the Rankel's *pro se* status, his repeated timely, though misguided, efforts at service, and the failure of the Town to allege any prejudice due to the delay in effectuation of service, the court is reluctant to dismiss the action.

Hence, defendant Town's motion to dismiss the action due to lack of service is denied.

## CONCLUSION

Rankel's motions for the entrance of a default judgment are denied. Defendant Town's motion to dismiss the action is denied.

SO ORDERED.

**6.** Though the Town does not raise it, service on August 27, 1986, is beyond the 120 day time limit for service prescribed by Fed.R.Civ.P. 4(j). Under Rule 4(j) the court may, on its own initiative, dismiss an action without prejudice if service of the summons and complaint is not made within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period. The Complaint was filed on March 25, 1986. Under Rule 4(j) service was to be made by July 23, 1986. The Magistrate's June 30, 1986, extension of the time within which Rankel could serve the individual defendants by its express terms did not lengthen the time within which Rankel was to serve the Town. Nevertheless, based upon Rankel's *pro se* status, *cf. Satchell v. Dilworth,* 745 F.2d 781, 785–86 (2d Cir.1984), his numerous efforts to effectuate service including allegedly personally delivering a copy of the Summons and Complaint to the Town Clerk himself, his good faith belief that he had properly served the Town, and the apparent lack of prejudice to the Town due to the late service, this court will not dismiss the Complaint.