**Richard J. MAMARELLA, Plaintiff,**

v.

**COUNTY OF WESTCHESTER, Office of the District Attorney and Jeanine Pirro, District Attorney, Defendants.**

**No. 94 Civ. 7909 (JES).**

United States District Court,
S.D. New York.

Sept. 25, 1995.

Richard Mamarella, Gouverneur, NY, plaintiff, pro se.

Jeanine Pirro, District Attorney of Westchester County, White Plains, NY for defendants (John Sergi and Joseph M. Latino, Assistant District Attorneys, of counsel).

### MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Pursuant to 28 U.S.C. § 2254, *pro se* petitioner Richard Mamarella brings the above-captioned action against Westchester County District Attorney Jeanine Pirro and the Westchester County District Attorney's Office (collectively "defendants"). In his peti-

tion, Mamarella seeks certain documents relating to his plea bargain and sentence under the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and the New York Freedom of Information Law (the "FOIL"), Public Officer's Law § 84 *et seq.* Defendants move for summary judgment pursuant to Fed. R.Civ.P. 56(c). For the following reasons, defendants' motion is granted.

## BACKGROUND

On April 19, 1991, Mamarella, while on parole, was arrested in Westchester on charges of grand larceny and possession of a forged instrument. On March 30, 1992, Mamarella pleaded guilty in state court to all charges pursuant to a plea agreement with the Westchester County District Attorney's Office. Mamarella asserts that the state court erroneously sentenced him to consecutive, rather than concurrent, terms of imprisonment.

■ In an effort to challenge that sentence, Mamarella requested that the District Attorney produce certain information, under the FOIA on May 10 and June 15, 1994. Specifically, Mamarella sought "all documents, memo's [sic], correspondence, notes, memo's to file' [sic], letters, including but not limited to any and all other written or noted data concerning the disposition of, plea-bargain of and sentencing of the captioned case." Affidavit of John Sergi, sworn to December 5, 1994, Exhs. A, B at 4–5. On June 30, 1994, defendants denied the requests asserting that the FOIA does not apply to state agencies. *Id.,* Exh. C at 5. On September 8, 1994, Mamarella requested the same documents under the FOIA, the Privacy Act and the FOIL in an administrative appeal. *Id.,* Exh. D at 5. On September 14, 1994, defendants denied that appeal. *Id.,* Exh. E at 6. On November 2, 1994, Mamarella commenced the instant action requesting the

documents under the FOIA, the Privacy Act and the FOIL.[1]

## DISCUSSION

Pursuant to Rule 56, summary judgment is appropriate where, as here, "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In making that determination, the Court must view the evidence and all reasonable inferences to be drawn therefrom in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ The claims against the state agencies under the FOIA are legally insufficient because the FOIA does not apply to state agencies. The FOIA applies to agencies which are defined as "each authority of the Government of the United States." 5 U.S.C. § 551(1).[2] Thus, the plain language of the FOIA precludes its application to state or local agencies. *See, e.g., St. Michael's Convalescent Hosp. v. California,* 643 F.2d 1369, 1372–74 (9th Cir.1981) (refusing to apply FOIA to state agencies receiving federal funding and regulation); *Washington v. Police Dep't,* 1994 WL 455512 at *1 (Aug. 22, 1994) (S.D.N.Y.) (refusing to apply FOIA to NYC Police Department); *Rankel v. Town of Greenburgh,* 117 F.R.D. 50, 54 (S.D.N.Y. 1987) (refusing to apply FOIA to municipal corporations); *Ciccone v. Waterfront Comm'n of New York,* 438 F.Supp. 55, 57 (S.D.N.Y.1977) (refusing to apply FOIA to City Waterfront Commission); *c.f., Gale v. Andrus,* 643 F.2d 826, 832 (D.C.Cir.1980) (refusing to apply FOIA to U.S. trust territories).

Similarly, Mamarella's claim under the Privacy Act must be dismissed because that statute likewise does not apply to state agencies. The Privacy Act incorporates the

---

1. In his petition and other filings, Mamarella alleges causes of action only under the FOIA and the Privacy Act. However, because Mamarella is acting *pro se,* the Court must construe his petition and other filings in a liberal and deferential manner. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Thus, the Court construes his petition to allege also a FOIL claim and federal constitutional claims.

2. More specifically, the FOIA defines "agency" as including:

   [A]ny executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.
   5 U.S.C. § 552(f).

FOIA's definition of agency, 5 U.S.C. § 552a(a)(1), which is limited to federal agencies as described above.[3] *See, e.g., St. Michael's,* 643 F.2d at 1372–74 (refusing to apply Privacy Act to state agencies receiving federal funding and regulation); *c.f., Ehm v. National R.R. Passenger Corp.,* 732 F.2d 1250, 1252–53 (5th Cir.1984) (refusing to apply Privacy Act to AMTRAK), *cert. denied,* 469 U.S. 982, 105 S.Ct. 387, 83 L.Ed.2d 322 (1984).

■ Nor can Pirro individually be required to comply with his request under the FOIA or the Privacy Act because the plain language of both acts provides that only "agencies" are subject to the FOIA and the Privacy Act. It follows that the statutes do not create a cause of action against individuals. *See, e.g., Williams v. McCausland,* 791 F.Supp. 992, 1001 (S.D.N.Y.1992); *B.J.R.L. v. Utah,* 655 F.Supp. 692, 696 (D.Utah 1987).[4]

In view of the early dismissal of these federal claims, the Court declines to exercise pendent jurisdiction over the remaining state claim under the FOIL. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 716, 86 S.Ct. 1130, 1134, 16 L.Ed.2d 218 (1966); *Diamond v. Am–Law Publishing Corp.,* 745 F.2d 142, 148 (2d Cir.1984).

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment is granted.

It is **SO ORDERED.**

---

**3.** The Privacy Act applies to "agencies" as "defined in section 552(e) of this title." 5 U.S.C. § 552a(a)(1). However § 552(e) was recently renumbered to § 552(f).

**4.** Mamarella's claim that defendants' refusal to disclose the requested documents violated his rights to procedural due process must also be rejected because the Article 78 proceeding available to Mamarella provides a constitutionally adequate post-deprivation remedy. *See Campo v. NYC Employees' Retirement System,* 843 F.2d 96, 102 (2d Cir.1988), *cert. denied,* 488 U.S. 889, 109 S.Ct. 220, 102 L.Ed.2d 211 (1988).

Mamarella also argues that his right to equal protection of the laws is violated because a prisoner convicted for federal crimes can access

certain federal documents relating to his conviction under the FOIA whereas a prisoner convicted under the state system cannot employ the FOIA to access similar state documents. This argument borders on frivolous. Petitioner's situation is no different than that of any other state prisoner, or indeed from that of any federal prisoner who cannot seek redress under the FOIL, which only state prisoners are free to employ. Moreover, Congress is not constitutionally required to compel disclosure of state agency documents especially since it may not even have the power to do so given the balance between federal and state powers that must and should exist in a federal system.