■ In the Matter of Susan D'Alessandro et al., Appellants, v Unemployment Insurance Appeal Board et al., Respondents.—Judgment, Supreme Court, New York County, entered June 7, 1976, in an article 78 proceeding seeking, *inter alia,* to review respondents' refusal to create and maintain an index by subject matter of all decisions pursuant to the Freedom of Information Act, from which petitioners appeal only that part of the judgment stating that such an index is not necessary, unanimously affirmed, without costs and without disbursements. Article 6 (§ 88, subd 4) of the Public Officers Law (Freedom of Information Law) requires the respondents to "maintain and make available for public inspection and copying * * * a current list, reasonably detailed, by subject matter of any records". The respondents maintain a list of records and one of the subjects on the list is "final opinions * * * made in the adjudication of cases". The appellants contend that both the statute and the requirements of due process necessitate the indexing by subject matter of the final opinions themselves. Recognizing that the statute does not expressly command an index by decisional topic of each final opinion, the appellants argue that it is necessary to fulfill the purpose of the Freedom of Information Law, and, further, that such an index is required under the Federal Freedom of Information Act (US Code, tit 5, § 552) upon which the State act is patterned and upon the decisional interpretations of which we should rely

(*Burke v Yudelson,* 81 Misc 2d 870, 877, affd 51 AD2d 673). We cannot agree. The Federal law directs an index, not of final opinions, but of "records" (US Code, tit 5, § 552, subd [a], par [2]). It does go on to state (US Code, tit 5, § 552, subd [a], par [2], cl [C], subd cl [i]) that final opinions may not be used as precedents against any party before the agency unless they have been indexed, but we construe this not to be a command to index final opinions but rather to give the Federal agency an option. It may index final opinions and be able to use them as precedents or fail to index and lose that right. Nowhere does the State law use the word "index" nor does it impose a parallel sanction. It is the expressed goal of the State enactment to give the public free access to the documents involved in government decision-making (Public Officers Law, § 85). It is not the purpose of such laws to ease the research burden of private litigants (*NLRB v Sears, Roebuck & Co.,* 421 US 132, 143), although this may well have been the intention of the separate Federal sanction for the failure to index final opinions (see 1966 US Code Cong & Ad News, 1966, pp 2418, 2425). It would be an unwarranted enlargement of the purpose of the State law to require every agency to break down every final order into component topics and index it topically. The respondents have conformed to the spirit and letter of the law by labeling and separately listing by each label the broad variety of records it maintains, and by making them available for public inspection. It is a sufficient answer to the appellants' due process contention to repeat that the law was not designed to benefit litigants, that the final opinions are open to their inspection and to note that they are able to make an index of them, if that is their desire. No authority holds that due process casts this burden upon the government. Historically, indexing, even of a googol of court decisions, has been done by private enterprise. Concur—Kupferman, J. P., Birns, Capozzoli, Nunez and Lynch, JJ.