JOHN T. BRADY & COMPANY, Respondent, v CITY OF NEW YORK, Appellant.

First Department, January 5, 1982

### APPEARANCES OF COUNSEL

*David Drueding* of counsel *(Carolyn E. Demarest* and *Leonard Koerner* with him on the brief; *Allen G. Schwartz, Corporation Counsel,* attorney), for appellant.

*Jerrold Morgulas* of counsel *(Stanley J. Siegelbaum* with him on the brief; *M. Carl Levine, Morgulas & Foreman,* attorneys), for respondent.

### OPINION OF THE COURT

FEIN, J.

On September 5, 1975 plaintiff commenced this action against the city to recover in excess of $3,000,000 in additional costs allegedly incurred as a result of defendant's breach of a contract for the construction of a pollution control project.

On May 25, 1976 the city served its answer denying liability and asserting five affirmative defenses. The answer was accompanied by an extensive set of interrogatories. Plaintiff's responses were served on August 17, 1976. In August, 1977, at the city's request, an engineer from the

Comptroller's office spent several days in plaintiff's offices examining the job records, files and other documents relating to the project. An auditor from that office had spent one or two months auditing plaintiff's books and records in 1975.

Plaintiff did not request or conduct any disclosure proceedings. On September 17, 1976 plaintiff filed a note of issue and statement of readiness which indicated that plaintiff had completed all necessary or proper preliminary proceedings allowed by statute and rule applicable to the action (CPLR art 31, and 3041-3044, and rules of the Appellate Division applicable to notes of issue), with the exception of "a Demand For A Bill Of Particulars and an examination before trial and the plaintiff does not intend to conduct these proceedings." It further stated that "the defendant has completed all such proceedings except an examination before trial and the defendant has had a reasonable opportunity to complete such proceedings, to wit, since 5/25/76." Defendant did not move to vacate the note of issue and statement of readiness.

In February, 1979 defendant's motion for summary judgment was adjourned pending settlement negotiations.

On June 20, 1979 plaintiff's attorneys wrote to the New York City Environmental Protection Agency (EPA) requesting access to certain documents pursuant to the Freedom of Information Law (Public Officers Law, art 6). The letter was not sent to the Corporation Counsel of the city, and it did not inform the agency that the information was sought for use in pending litigation.

Upon the failure of the agency to furnish the information and documents after repeated requests, plaintiff moved by petition and order to show cause to compel EPA to comply with its request for information, indicating that the materials were sought in connection with litigation. EPA did not oppose the motion and, with the exception of certain field diaries, made most of the material available in August, 1979.

The Corporation Counsel was not made aware of these proceedings at the time and apparently did not learn of them until June 17, 1980 when plaintiff moved for an order

directing EPA to release the missing field diaries. The motion papers were served on the Corporation Counsel as well as the EPA.

By letter dated August 8, 1980, Morgulas, one of plaintiff's attorneys, informed the Corporation Counsel that plaintiff had made an application to the Department of Buildings in Brooklyn to obtain a pertinent file, and had been instructed that the file was in the possession of the Corporation Counsel. The Corporation Counsel refused Morgulas' demand for release of the documents. Morgulas petitioned for an order directing the city to relinquish the file for examination. The defendant moved to vacate plaintiff's note of issue and to strike the action from the calendar.

In support of the motion to vacate, defendant alleges that plaintiff's freedom of information request and proceedings to obtain information were made, without notice to the Corporation Counsel, as a device to obtain disclosure after filing the note of issue and statement of readiness. It is apparent that the information sought and obtained under the Freedom of Information Law was the kind of information normally obtainable by the disclosure devices authorized under the CPLR and pertinent court rules.

We have observed that the Freedom of Information Law "was not designed to benefit litigants", nor was its purpose "to ease the research burden of private litigants" *(Matter of D'Alessandro v Unemployment Ins. Appeal Bd.,* 56 AD2d 762, 763). We have also dismissed a proceeding brought under the Freedom of Information Law to obtain certain records of the New York City Transit Authority in connection with litigation, stating: "We have noted in the past that the law was not intended to afford a new research tool to private litigants in matters not affected by a public interest [citing *D'Alessandro, supra].* Petitioner has not shown that his request is anything other than an illadvised shortcut to the Civil Practice Law and Rules discovery procedures." *(Arzuaga v New York City Tr. Auth.,* 73 AD2d 518, 519.)

It is plain that the plaintiff has utilized the Freedom of Information Law and section 1114 of the New York City Charter (City Charter), to obtain information normally

discoverable by the authorized discovery devices in the course of litigation. It has done so after filing a statement of readiness in which it represented that it did not intend to conduct any further disclosure proceedings. Whatever may be the merits of plaintiff's efforts to obtain such information by utilizing the Freedom of Information Law and the City Charter provision, one thing is clear — the case has been placed on the calendar on which it has moved based upon a representation that it was ready for trial and that no further disclosure proceedings were intended. The effect was to give the plaintiff a preference without complying with the requisite rules. If this procedure is countenanced, then in every case in which the city is a defendant and its records are sought to be examined, a plaintiff could file a statement of readiness with a representation that disclosure has been completed, secure in the knowledge that his case will move on the calendar while he uses other devices to obtain the information.

Section 660.4 (subd [d], par [4]) of the Rules of Supreme Court, New York County (22 NYCRR 660.4 [d] [4]) provides that the court may strike an action from the calendar if the action is not ready for trial, if all preliminary proceedings have not been completed, or if the statement of readiness contains a material misstatement of fact. There can be no preliminary proceedings following the filing of a note of issue and statement of readiness unless the party seeking them demonstrates that unusual and unanticipated conditions subsequently developed, necessitating further disclosure proceedings (22 NYCRR 660.4 [d] [7]).

The Freedom of Information Law and the City Charter provisions for obtaining information cannot be utilized as a device for disclosure after a statement of readiness has been filed.

Accordingly, the order of the Supreme Court, New York County (LOWERY, J.), entered August 28, 1980, denying defendant's motion for an order vacating plaintiff's note of issue and statement of readiness and striking the action from the Trial Calendar without prejudice to the city's seeking an order pursuant to the rules permitting further discovery in the action, should be reversed on the law and the facts, and in the exercise of discretion, the motion

should be granted, plaintiff's note of issue and statement of readiness vacated and the action should be stricken from the Trial Calendar without costs, and without prejudice to the filing of a new note of issue and statement of readiness upon completion of disclosure.

BIRNS, J. P. SANDLER, MARKEWICH and BLOOM, JJ., concur.

Order, Supreme Court, New York County, entered on August 28, 1980, unanimously reversed, on the law and the facts, and in the exercise of discretion, the motion to vacate plaintiff's note of issue and statement of readiness granted and the action stricken from the Trial Calendar, without costs and without disbursements, and without prejudice to the filing of a new note of issue and statement of readiness upon completion of disclosure.