OPINION OF THE COURT
Seymour Rotker, J.
Petitioner, in this CPLR article 78 proceeding, seeks an order granting him access to certain records and files maintained by the Division of Parole and discovery.
Petitioner, while on parole, was arrested on January 9, 1981, and charged with two counts of criminal possession of a weapon. A parole violation warrant was issued on May 4, 1981, and executed against petitioner on May 5, 1981. On March 30, 1983, petitioner was acquitted of the criminal charges. Petitioner waived the preliminary hearing and a final parole revocation hearing was scheduled for December 15, 1983. The final hearing was later rescheduled for January 19, 1984.
Petitioner, pursuant to the Freedom of Information Act (Public Officers Law, art 6), sent a letter dated November 3, 1983, to the records access officer of the Division of Parole at the parole violation control center in New York City, in which it was requested that petitioner be given *830 access to certain information contained in his parole records maintained by the Division of Parole. The Division of Parole did not respond to this request. Petitioner, however, did receive a copy of the notice of violation and a violation of parole report. On January 9, 1984, petitioner’s counsel sent a letter to a senior parole officer at the Queensboro Correctional Facility where petitioner is being held, in which it was requested that petitioner be given access to the case records maintained by the Division of Parole. Petitioner has submitted to the court a written release dated January 24, 1984, which authorizes the Division of Parole to release the information contained in his file to his counsel.
Petitioner asserts that he is entitled to an order pursuant to article 78 granting him access to information contained in the Division of Parole’s files, as parole failed to respond to his request of November 3, 1983. It is also alleged that petitioner is entitled to the same discovery rights as a criminal defendant, as set forth in CPL 240.20 and 240.40.
The Attorney-General, in opposition, argues that the Division of Parole has fulfilled its statutory obligation in that it provided petitioner with all documents which will be offered into evidence at the final hearing. It is also asserted that an order pursuant to article 78 is inappropriate as petitioner failed to exhaust his administrative remedies and that the request for such an order is premature.
Petitioner’s arguments are without merit. Section 89 (subd 4, par [a]) of the Public Officers Law provides, in pertinent part, that: “[A]ny person denied access to a record may within thirty days appeal in writing such denial to the head, chief executive or governing body of the entity, or the person therefor designated by such head, chief executive, or governing body, who shall within seven business days of the receipt of such appeal fully explain in writing to the person requesting the record the reasons for further denial, or provide access to the record sought.” The Public Officers Law further provides that “a person denied access * * * in an appeal determination under the provisions of paragraph (a) of this subdivision may bring a proceeding for review of such denial pursuant to article *831 seventy-eight of the civil practice law and rules.” (§ 89, subd 4, par [b].)
Parole’s failure to answer petitioner within five days of the receipt of the letter of November 3, 1983, may be properly construed as a denial of petitioner’s request (Public Officers Law, § 89, subd 3; cf. Matter of Floyd v McGuire, 87 AD2d 388). Petitioner, however, is not entitled to an order pursuant to article 78 as he failed to make a timely written appeal pursuant to section 89 (subd 4, par [a]) and section 89 (subd 4, par [b]) of the Public Officers Law. If petitioner desires to obtain the information under the Freedom of Information Law, he must first apply to the appropriate records access officer and if the application is denied, he must appeal to the appeals officer. Petitioner, thus, may not seek redress from the court until he has exhausted his administrative remedies (cf. Moussa v State of New York, 91 AD2d 863).
In addition, petitioner’s request for an order granting access to the records maintained by the Division of Parole is premature. Section 259-k of the Executive Law authorizes the Parole Board to make rules for the purpose of maintaining the confidentiality of records. Pursuant to this authority, 9 NYCRR 8000.5 (c) (1) (ii) provides that a releasee, or his counsel, may have access to information contained in the parole case record prior to a scheduled appearance before an authorized hearing officer. Request for access to such records must be made in writing, to the senior parole officer in charge of the State correctional facility where the releasee is confined, at least 10 days prior to the scheduled date of the final revocation hearing. In addition, all such requests made by counsel on behalf of a releasee must be accompanied by a signed authorization from the releasee in which a waiver of his privacy interest is clearly stated (9 NYCRR 8000.5 [c] [3], [4]). The Division of Parole is only required to permit access to those portions of the case record which will be considered by the hearing officer at the hearing. A review of those portions of the case record to which access is granted may take place either on the day of the final hearing or at an earlier date, pursuant to arrangements made for review on any work day with the access officer (9 NYCRR 8000.5 [c] [2] [i]; 8000.5 [c] [6]).
*832 Respondents’ initial obligation under 9 NYCRR 8000.5 has been fulfilled as parole provided petitioner with copies of the notice of the charges and a violation of parole report and at the present time these documents are the only ones which will be considered by the hearing officer at the final hearing. Petitioner, however, may still be granted access to review the case record at the time of the final hearing and, therefore, the request for an order granting such access and review is premature. The court, however, notes that while counsel’s letter of January 6, 1984 constituted a timely request for access made on petitioner’s behalf, it was not accompanied by an authorized waiver as required by 9 NYCRR 8000.5 (c) (4). This omission, however, is not cured by the submission of petitioner’s authorization to the court as such authorization must be submitted to the appropriate records access officer. In addition, should petitioner seek access to records in the parole file, as opposed to the case records, he must follow the procedures set forth in 9 NYCRR 8000.5 (e).
Finally, petitioner’s contention that he should be permitted discovery akin to that afforded a defendant in a criminal prosecution is without merit. It is well established that a parole revocation hearing is an administrative proceeding (People ex rel. Piccarillo v New York State Bd. of Parole, 48 NY2d 76; People ex rel. Maggio v Casscles, 28 NY2d 415; People ex rel. Menechino v Warden, 27 NY2d 376). Petitioner’s analogy to the procedures followed during the course of a criminal prosecution must be rejected as the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights afforded criminal defendants do not apply (Morrissey v Brewer, 408 US 471; cf. Augello v Warden, 470 F Supp 1230).
Based on the foregoing, petitioner’s request for an order pursuant to CPLR article 78 is denied.