**Fred GREENBERG, Plaintiff,**

**v.**

**BOARD OF EDUCATION OF the CITY OF NEW YORK, Frank Macchiarola, Chancellor, Community School Board 21K, Hyman Cohen, President, Donald Weber, Comm. Supt., Stanley H. Bloch, Comm. Supt., Bartelo Peluso, Comm. Supt., Max Doner, Arbitrator, Lawrence Kushner, Deputy Supt., Leonard Zeplin, Principal, Defendants.**

**No. 85 CV 0576.**

United States District Court, E.D. New York.

May 4, 1989.

Fred Greenberg, pro se.

Corporation Council for the City of New York (Lina Liberatore and Geoffrey Mort, of counsel), for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendants[1] appeal from a December 2, 1988 order by the Honorable A. Simon Chrein conditionally granting plaintiff's motion to compel the production of records maintained by the defendant New York City Board of Education ("Board of Education"). For the reasons discussed below, the order is hereby reversed.

## FACTS

Plaintiff commenced this action *pro se* pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 in 1986 alleging that his dismissal as an elementary school teacher violated his rights secured by the first, fifth and fourteenth amendments to the Constitution and his rights under New York State law. In June 1986, defendants moved to dismiss the Complaint. Disposition of the motion was stayed pending appointment of *pro bono* counsel. In March 1988, after several attempts at securing counsel, the Court ordered that no further appointment of *pro bono* counsel be issued. Plaintiff was also ordered to submit opposition papers by June 30, 1988. At plaintiff's request, the deadline was extended several times, and on October 18, 1988, was ultimately set for February 1, 1989. By letter dated October 31, 1988, plaintiff informed the Court that he was unable to meet the February 1, 1989 deadline because the Board of Edu-

---

1. All defendants except Max Doner and Law- rence Kushner are parties to this appeal.

cation continued to fail to respond to numerous requests made pursuant to New York Freedom of Information Law, N.Y. Pub.Off.L. Article 6 ("FOIL"). The Court referred the dispute to Magistrate Chrein for resolution.

On December 2, 1988, Magistrate Chrein ordered plaintiff to specify the outstanding FOIL requests within 21 days and ordered defendants to thereupon submit objections to the specified FOIL requests. Defendants timely filed objections to Magistrate Chrein's order and after an extension of time, filed a memorandum of law in support of their objections.

## DISCUSSION

Defendants object to Magistrate Chrein's order on the ground that plaintiff's discovery requests must be dictated by the Federal Rules of Civil Procedure and not by state FOIL. I agree.

Plaintiff commenced this action to vindicate his rights under the federal Constitution and New York State law. Plaintiff did not, and indeed, could not commence an action in this Court to review a denial of FOIL requests. The appropriate vehicle for challenging the Board of Education's denial of FOIL requests is a proceeding pursuant to N.Y.C.P.L.R. Article 78 upon the exhaustion of state administrative remedies. *See Robertson v. Chairman of the New York State Board of Parole,* 122 Misc.2d 829, 471 N.Y.S.2d 1015 (Sup.Ct. Queens Co.1984).

Although "[a]ccess to records of a government agency under [FOIL] is not affected by the fact that there is a pending or potential litigation between the person making the request and the agency," *M. Farbman & Sons v. New York City,* 62 N.Y.2d 75, 78, 476 N.Y.S.2d 69, 70, 464 N.E.2d 437, 438 (1984), the right to compel the production of documents under the relevant discovery rules is not expanded by operation of FOIL. *See John T. Brady & Co. v. City of New York,* 84 A.D.2d 113, 116, 445 N.Y.S.2d 724, 726 (1st Dep't), *ap-*

*peal dismissed,* 56 N.Y.2d 711, 451 N.Y.S. 2d 735, 436 N.E.2d 1337 (1982); *Arzuaga v. New York City Transit Authority,* 73 A.D.2d 518, 519, 422 N.Y.S.2d 689, 690 (1st Dep't 1979); *D'Alessandro v. Unemployment Insurance Appeal Board,* 56 A.D.2d 762, 763, 392 N.Y.S.2d 433, 435 (1st Dep't 1977). In other words, a pending litigation cannot be used as a shield from FOIL requests, and FOIL requests cannot be used as a sword to emasculate discovery rules.

In this action, the Court is without jurisdiction to review the Board of Education's denial of plaintiff's FOIL requests. To the extent, however, that the documents plaintiff seeks pursuant to FOIL are discoverable under the Federal Rules of Civil Procedure, then plaintiff is entitled to the production thereof notwithstanding the Board of Education's refusal to produce those documents pursuant to FOIL. *Cf. King v. Conde,* 121 F.R.D. 180 (E.D.N.Y.1988) (Weinstein, J.) (construing applicability of N.Y.Civ.Rights L. § 50-a during discovery in federal civil rights case). Conversely, if plaintiff seeks the production of documents that, for one reason or another, are not discoverable in this action under the federal rules, then he must pursue state administrative procedures under FOIL.

This action is hereby referred back to Magistrate Chrein for the resolution of any outstanding discovery requests and the selection of an appropriate adjourned return date for defendants' motion to dismiss the Complaint.

SO ORDERED.