**Anita SCHULOFF, Plaintiff,**

v.

**Dave FIELDS Esq., Records Access Officer and Associate Dean for Administration and Finance of the City University of New York School of Law at Queens College, in his official and individual capacities, Defendant.**

**No. 96 CV 813.**

United States District Court,
E.D. New York.

Jan. 10, 1997.

Jackson Leeds, Flushing, NY, for plaintiff.

Dennis Vacco, Attorney General of the State of New York (Annemarie Prudenti, of counsel), New York City, for defendant.

**MEMORANDUM AND ORDER**

NICKERSON, District Judge:

Plaintiff Anita Schuloff brought this action alleging that defendant violated her rights under the First and Fourteenth Amendments by refusing to allow her to inspect public records in the company of her attorney and other associates after she applied under the New York Freedom of Information Law, N.Y.Pub.Off.L. § 84 *et seq.* By Memorandum and Order dated April 12, 1996, this court denied plaintiff's motion for a preliminary injunction and, because counsel for defendant stated that defendant would grant access to the records at issue upon plaintiff's application, dismissed the complaint without prejudice. The court granted plaintiff thirty days within which to reopen this case in the event she was denied access to the public records.

Plaintiff now moves (1) to reopen this case; (2) for an injunction directing defendant to grant plaintiff accompanied by her associates access to the public records previously provided to plaintiff; and (3) for an order requiring defendant David Fields to appear in person before this court to explain his actions in this case. Defendant cross moves to dismiss the complaint for lack of subject matter jurisdiction. For the reasons stated below, this court finds it lacks subject matter jurisdiction over this action. Accordingly, this court need not consider plaintiff's motions.

The essence of the complaint is that, after plaintiff filed a request to review public records pursuant to New York Freedom of Information Law, defendant "den[ied] plaintiff the opportunity to inspect public records accompanied by any of (i) her counsel Jackson Leeds, (ii) David Davis, . . ., (iii) anyone of plaintiff's choosing." Thus, this is essentially an action to review a denial of a request under the state law.

This court does not have jurisdiction to decide whether defendant violated a state law granting the public access to official records. The appropriate vehicle for challenging denials of access guaranteed by the New York Freedom of Information law is a state court proceeding pursuant to N.Y.C.P.L.R.

Article 78 upon exhaustion of administrative remedies. *See Greenberg v. Bd. of Educ. of the City of New York*, 125 F.R.D. 361, 362 (E.D.N.Y.1989) (citing *Robertson v. Chairman of the New York State Bd. of Parole*, 122 Misc.2d 829, 471 N.Y.S.2d 1015 (Sup.Ct. 1984)).

■ Nor do plaintiff's First Amendment claims afford a basis for jurisdiction over this action because they fail to state a claim upon which relief can be granted. The complaint, read liberally, alleges that defendant violated plaintiff's First Amendment right to receive information by denying her access to the records in question in the preferred manner, and that he violated her right to freedom of association by not allowing her to inspect the records in the company of her chosen associates.

■ The First Amendment protects "the right to receive information and ideas." *See, e.g., Bd. of Educ. Island Trees Union Free Sch. v. Pico*, 457 U.S. 853, 866–67, 102 S.Ct. 2799, 2808, 73 L.Ed.2d 435 (1982) (citing *Stanley v. Georgia*, 394 U.S. 557, 564, 89 S.Ct. 1243, 1247, 22 L.Ed.2d 542 (1969)). This right is an "inherent corollary" of the speaker's right to transmit information and ideas, *id.*, and it does not encompass the right to compel a speaker to speak or otherwise provide information and ideas. Thus plaintiff cannot rely on her right to receive information and ideas to compel the government to produce the records in question.

While the Supreme Court recognizes an implicit First Amendment right of access to certain government information, most notably information relating to criminal trials, *see, e.g., Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986), the Court has never extended that right to encompass all government records. *Houchins v. KQED, Inc.*, 438 U.S. 1, 9, 98 S.Ct. 2588, 2593–94, 57 L.Ed.2d 553 (1978) ("This Court has never intimated a First Amendment guarantee of a right of access to all sources of information within government control."); *see also El Dia, Inc. v. Hernandez Colon*, 963 F.2d 488, 495 (1st Cir.1992) (Court has never recognized right of access to Executive Branch documents). This case does not present a situation where there has traditionally been a presumption of accessibility of the information in question and where public access plays a significant role in the proper functioning of the governmental process or agency in question. *See Press–Enterprise Co.*, 478 U.S. at 8–9, 106 S.Ct. at 2740. Plaintiff cites, and this court finds, nothing which supports a broad right of access under the First Amendment to information of the sort sought here.

■ Finally, even assuming the truth of plaintiff's claim that defendant did not allow her to view the records in the company of her associates, the court determines that the complaint fails to allege any cognizable infringement of plaintiff's right to free association. Plaintiff does not contend that defendant prevented her from associating with the persons of her choice outside the records office. Nor does she contend that defendant prevented her from sharing, showing copies, or discussing the information she learned from the public records with her associates.

■ It is well settled that the government "need not permit all forms of speech on property that it owns and controls," *Int'l Soc'y for Krishna Consciousness v. Lee*, 505 U.S. 672, 678, 112 S.Ct. 2701, 2705, 120 L.Ed.2d 541 (1992), particularly when that property is not a public forum. The freedom of association guaranteed by the First Amendment does not comprise the freedom to associate in any location of one's choice.

Plaintiff's motions are hereby denied. Defendant's cross-motion to dismiss is granted.

So ordered.