Michael W. CIOCE, Plaintiff–Appellant,

v.

COUNTY OF WESTCHESTER; Rocco Pozzi, Corrections Commissioner; Charles Spencer, Corrections Captain, Defendants–Appellees.

No. 04–4445.

United States Court of Appeals, Second Circuit.

April 15, 2005.

Michael W. Cioce, Poughkeepsie, New York, for Appellant, pro se.

Thomas G. Gardiner, Sr. Assistant County Attorney, Westchester Office of the County Attorney (Charlene M. Indelicato, Westchester County Attorney, Stacey Dolgin–Kmetz, Chief Deputy County Attorney, Linda Trentacoste, Mary Lynn Nicolas, Associate County Attorneys), White Plains, New York, for Appellees, of counsel.

PRESENT: FEINBERG, SACK, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Appellant, Michael W. Cioce, *pro se,* appeals from: (1) the August 1, 2003, judgment of the United States District Court for the Southern District of New York, granting Appellees' motion to dismiss his claims under the Americans with Disabilities Act and Title VII of the Civil Rights

Act of 1964, pursuant to Rules 4(m) and 12(b) of the Federal Rules of Civil Procedure, for the reasons set forth in the court's opinion and order entered on July 30, 2003; and (2) the district court's July 13, 2004, order denying his motion for a new trial under Rule 59(d) of the Federal Rules of Civil Procedure. Cioce has also moved for this Court to docket the district court's July 30, 2003, order.

As a preliminary matter, we note that, although Cioce's Notice of Appeal states only that Cioce appeals from the July 13, 2004, order, it later refers to and discusses the July 30, 2003, opinion; thus, because "we construe notices of appeal liberally, taking the parties' intentions into account," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir.1995), we understand Cioce's appeal to be both from the July 13, 2004, order and the August 1, 2003, judgment based on the July 30, 2003, opinion. Such an appeal was timely because Cioce filed his Rule 59 motion within ten days of the entry of the district court's August 2003 judgment—thus tolling the time to file an appeal until the entry of the district court's July 2004 order denying that motion—and filed a notice of appeal within thirty days from the entry of that decision. *See* Fed. R.Civ.P. 59(d); Fed. R.App. P. 4(a)(4)(A)(iv); *see also Smith v. Woosley*, 399 F.3d 428, 431 (2d Cir.2005). Thus, we review both judgments of the district court. We also grant Cioce's motions to docket the July 30, 2003, order.

This Court reviews for abuse of discretion a district court's dismissal of a complaint for failure to comply with the service requirements of Fed.R.Civ.P. 4. *See Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir.2002) (per curiam). A district court's dismissal of a complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is reviewed *de novo*, "taking all factual allegations as true and construing

all reasonable inferences in the plaintiff's favor." *Lee v. Bankers Trust Co.*, 166 F.3d 540, 543 (2d Cir.1999). "Dismissal is proper only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir.1994); further internal quotation marks and citation omitted)).

In this case, the district court properly dismissed Cioce's complaint. Rule 4(m) provides that the district court shall, upon motion or on its own initiative after notice to the plaintiff, dismiss without prejudice any action in which service of the summons and complaint has not been made upon a defendant within 120 days after the filing of the complaint. *See* Fed. R.Civ.P. 4(m). Cioce contends that the district court abused its discretion in dismissing his complaint without first giving him notice, as required by the rule. However, although Rule 4(m) indicates that "notice to the plaintiff must be given prior to a *sua sponte* dismissal," *Thompson*, 309 F.3d at 110, it does not appear that the court must provide such notice if the defendant moves to dismiss on that basis, *see id.* at 109. Indeed, such notice would be unnecessary because the plaintiff is, in such a situation, apprised by the defendant's motion of the possible dismissal. Here, the defendants moved to dismiss Cioce's amended complaint because they were not served with the complaint within 120 days of the initiation of the suit. Therefore, the court did not need to provide notice to Cioce as to this issue—indeed, as evidenced by Cioce's response to the motion to dismiss, it is obvious that Cioce was aware of the possibility of dismissal on this basis.

In any event, the district court also considered the merits of Cioce's claims and concluded that the amended complaint

should be dismissed pursuant to Fed. R.Civ.P. 12(b)(6). We agree. First, Cioce does not appear to dispute the district court's finding that he failed to state a claim under Title VII, because he did not allege discrimination on the basis of race, color, religion, sex, or national origin. Nor does he seem to contest the district court's finding that his claims under the Americans with Disabilities Act ("ADA") cannot lie against Spencer or Pozzi as individual defendants. *See Tomka v. Seiler Corp.,* 66 F.3d 1295, 1321 (2d Cir.1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998); *Cerrato v. Durham,* 941 F.Supp. 388, 395 (S.D.N.Y. 1996).

Cioce's ADA claims against the County were also properly dismissed for failure to state a claim. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to … discharge of employees." 42 U.S.C. § 12112(a). In order for a plaintiff to establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate: (1) that he is a "qualified individual" with a disability; (2) that the defendants are subject to the ADA; and (3) that he was "denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or [was] otherwise discriminated against by defendants, by reason of [his] disabilit[y]." *See Henrietta D. v. Bloomberg,* 331 F.3d 261, 272 (2d Cir.2003). Cioce has not established such a prima facie case. Even assuming arguendo that his allegations support his claim that he is disabled as that term is defined under the ADA, Cioce's allegations and submitted evidence indicate that his receipt of benefits for his injuries—pursuant to the collective-bargaining agreement

("CBA") between Westchester County and the Correction Officers Benevolent Association—was terminated because of his failure to submit to independent medical examinations as required by the CBA, and not because of his disability. The fact that Cioce disagreed as to whether he was required to submit to these examinations does not support his claim of discrimination based on his disability. Finally, Cioce does not dispute the district court's finding that he did not demonstrate that there was a failure to reasonably accommodate his disability, *see* 42 U.S.C. § 12112(b)(5)(A), because he has not alleged that the defendants had any open positions for which he was qualified that met the restrictions imposed by his doctors, *see Mitchell v. Washingtonville Cent. School Dist.,* 190 F.3d 1, 9 (2d Cir.1999). Accordingly, the district court properly dismissed Cioce's complaint.

As for the July 13, 2004, order, Cioce contends that the district court improperly construed his Fed.R.Civ.P. 59(d) motion as a motion for reconsideration. Because the provisions of Rule 59(a) that allow for a new trial apply only in situations where there has been a prior trial, with or without a jury, and because Rule 59(d) provides for the ordering of a new trial upon the district court's own initiative, Cioce's motion could not properly be brought under Rule 59(d). *See* Fed.R.Civ.P. 59(a),(d). Accordingly, the district court properly construed the motion as one for reconsideration (which could also be characterized as a motion to alter or amend the judgment). *See* Fed.R.Civ.P. 59(e); U.S. Dist. Ct. R.S. & E.D.N.Y Local Civ. R. 6.3.

This Court reviews for abuse of discretion the denial of a motion to reconsider or to alter the judgment. *See RJE Corp. v. Northville Indus. Corp.,* 329 F.3d 310, 316 (2d Cir.2003); *Munafo v. Metro. Transp.*

*Auth.,* 381 F.3d 99, 105 (2d Cir.2004). "Generally, motions for reconsideration are not granted unless 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *In re BDC 56 LLC,* 330 F.3d 111, 123 (2d Cir.2003) (quoting *Shrader,* 70 F.3d at 257). Such motions should be granted where necessary "to correct a clear error of law or prevent manifest injustice." *Munafo,* 381 F.3d at 105 (internal quotation marks and citations omitted).

█ The district court did not abuse its discretion in denying Cioce's motion. This motion merely reiterated the arguments already considered and rejected by the district court in its July 2003 opinion. Cioce did not demonstrate, nor does a review of the record reveal, any "clear error of law" or "manifest injustice" that would justify reconsideration or an alteration of the judgment. *Munafo,* 381 F.3d at 105. Accordingly, the motion was properly denied.

We have considered all of Cioce's remaining contentions on this appeal and have found them to be without merit. The judgment of the District Court is hereby AFFIRMED.