**William J. MURRAY, Plaintiff,**

v.

**Gary COLEMAN, et al., Defendants.**

**No. 08–CV–6383L.**

United States District Court,
W.D. New York.

Sept. 15, 2010.

Opinion on Reconsideration Dec. 14, 2010.

("complaint") demands various forms of equitable relief.

One of the defendants, DOCS Commissioner Brian Fisher ("Commissioner"), timely answered the complaint. (Dkt. # 35). The remaining twenty-one individual defendants now move for dismissal of the complaint pursuant to Fed. R. Civ. Proc. 12(b)(5) and (6), on the grounds that Murray has failed to properly effect service of the complaint in accordance with Fed. R. Civ. Proc. 4, and that he has not sufficiently stated a claim against defendant Ratner.

For the reasons set forth below, that motion (Dkt. # 33) is granted in part, and otherwise denied.

---

William J. Murray, Auburn, NY, pro se.

Emil J. Bove, Jr., Office of New York State Attorney General, Rochester, NY, for Defendants.

### DECISION AND ORDER

DAVID G. LARIMER, District Judge.

### INTRODUCTION

Plaintiff, William A. Murray ("Murray"), proceeding *pro se*, brings this action against a number of employees of the New York State Department of Correctional Services ("DOCS"), and Judith Ratner ("Ratner"), an employee of the Department of Civil Service (collectively, "defendants").[1] Murray alleges that during his employment with DOCS as a substance abuse counselor, defendants subjected him to various forms of harassment and retaliation, in violation of his constitutional rights under the First and Fourteenth Amendments, and his second amended complaint

### DISCUSSION

**I. Standard for Dismissal Pursuant to Fed. R. Civ. Proc. 12(b)(6)**

In deciding whether a complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6), "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994), *citing Ad–Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College,* 835 F.2d 980, 982 (2d Cir.1987). However, "a plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

---

1. The State of New York and DOCS were also originally named as defendants, but were dismissed from the case on the grounds of Eleventh Amendment immunity. (Dkt. # 8, # 29).

## II. Plaintiff's Failure to Effect Service

Initially, defendants allege that Murray failed to timely effect service of process. Rule 4(m) of the Federal Rules of Civil Procedure authorizes the dismissal of an action where a plaintiff has failed to effectuate service of process within 120 days of filing the Complaint. Fed. R. Civ. Proc. 4(m). "The Federal Rules of Civil Procedure place the responsibility for proper service of a summons and complaint, and the burden of demonstrating proper service, squarely upon the plaintiff." *Lab Crafters v. Flow Safe, Inc.*, 233 F.R.D. 282, 284 (E.D.N.Y.2005).

Service pursuant to Fed. R. Civ. Proc. 4 may be made in a number of ways, including pursuant to the governing state law—here, N.Y. CPLR § 307. Fed. R. Civ. Proc. 4(e). N.Y. CPLR § 307 provides:

> Personal service on a state officer sued solely in an official capacity . . . shall be made by (1) delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, and by personal service upon the state in the manner provided by subdivision one of this section [which describes service by "delivery of the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state"].

N.Y. CPLR § 307(2).

On September 1, 2009, the Court granted a motion by plaintiff to amend a prior complaint, and ordered that the named defendants be timely served with the second amended complaint, in accordance with Fed. R. Civ. Proc. 4. Plaintiff contends that on September 29, 2009, he attempted to serve the individual DOCS defendants in the manner prescribed by N.Y. CPLR § 307(2) by delivering to Tom Goetz, an attorney for DOCS—and, plaintiff alleges, a person designated to receive service on behalf of DOCS—copies of the complaint intended to each of the defendants. Goetz, however, refused service, stating that he would only accept service on behalf of the Commissioner. When process server Michael Alvaro explained that the defendants were being sued in their official capacities, and that service upon the Commissioner's designee was therefore proper pursuant to N.Y. CPLR § 307, Goetz glibly claimed he had no way of knowing whether the complaint asserted claims against the defendants in their official rather than personal capacities, declined to review the complaint to ascertain that information, and again refused service. Alvaro returned later that day and again attempted to complete service, at which time another DOCS attorney accepted service on behalf of the Commissioner, but not the other defendants. (Dkt. # 38, Exh. A). Personal service was effected separately upon defendant Ratner. (Dkt. # 38, Exh. B).

His initial attempt at service on the remainder of the defendants having been rebuffed, plaintiff next attempted to serve them by mail in the alternative manner prescribed by N.Y. CPLR § 307(2). He mailed, by certified mail, return receipt requested, copies of the summons and complaint to each defendant (albeit addressed to the Commissioner), and further sent a copy to the assistant attorney general assigned to the matter.

Defendants contend that plaintiff failed to effect personal service on plaintiffs through delivery to the Commissioner in the first instance, and that plaintiff's attempt at service by mail was also ineffective, because plaintiff addressed each of the mailings, not to the individual defen-

dants, but simply to the Commissioner himself.

■ Initially, the Court notes that plaintiff's second attempt to serve the defendants by certified mail was deficient, for reasons not addressed by defendants in their motion papers. Putting aside the issue of whether the envelopes were addressed in such a way as to identify the defendants for whom they were intended,[2] the plaintiff appears to have served the attorney general solely by certified mail, rather than by the in-person delivery required by N.Y. CPLR § 307(1), which renders the service defective. *See Wendell v. New York State Ins. Dep't,* 2007 WL 2455132 at *5, 2007 U.S. Dist. LEXIS 62314 at *13 (E.D.N.Y.2007) (mailing complaint to attorney general is insufficient service under N.Y. CPLR § 307(1), because the Rule requires personal delivery); *Spencer v. Eristoff,* 2006 WL 2346418 at *3, 2006 U.S. Dist. LEXIS 56221 at *7 (M.Dist.Pa.2006) (finding that complaint was not served properly pursuant to N.Y. CPLR § 307, where plaintiff produced no evidence that the complaint was personally delivered to the attorney general).

Plaintiff's initial attempt at service, however, should have been successful, and would have been, had the Commissioner's designee not wrongfully declined to accept service. Defendants do not dispute that Goetz was authorized to accept service on behalf of the Commissioner, and therefore, on behalf of DOCS employees being sued in their official capacities. Moreover, it is undisputed that Goetz was expressly informed that the complaints sought to be served pertained solely to the defendants in their official capacities. The contents of the complaint were no mystery to the Commissioner's office, as the complaint sought to be served had already been filed—indeed, the underlying motion for leave to amend had been opposed by DOCS and decided by the Court—and copies of that complaint were served the same day upon the Commissioner, with additional copies later mailed to the defendants via the Commissioner.

The Court may excuse a plaintiff's failure to timely serve defendants where the plaintiff demonstrates good cause for that failure. Furthermore, it is well settled that deficient service may be deemed complete where the deficiency is attributable to the recipient's mistake or deception, and not to a lack of reasonable, good faith effort on the part of the process server. *See e.g., Fashion Page, Ltd. v. Zurich Ins. Co.,* 50 N.Y.2d 265, 274–275, 428 N.Y.S.2d 890, 406 N.E.2d 747 (N.Y.Ct.App.1980). Under the circumstances, I find that the plaintiff "acted diligently in overcoming the obstacles" to service, *Rice v. Scudder Kemper Invs., Inc.,* 2003 WL 174243 at *2, 2003 U.S. Dist. LEXIS 995 at *5 (S.D.N.Y.2003), and further that the Commissioner's agent, either by mistake or by intentional deception, resisted service on behalf of the defendants at issue. Moreover, the defendants are clearly on notice of this matter and the specific claims against them: each has appeared by counsel and either timely answered the complaint, or else moved to dismiss it in lieu of an answer. Defendants have not alleged or shown any prejudice whatsoever

**2.** While the sufficiency of addressing the envelopes to the Commissioner rather than the defendants individually need not be decided here, the Court is troubled by the logical result of the defendants' argument. If the Court were to conclude, for example, that service upon state officials at their offices, "in care of" their chief executive officer, was insufficient, the Court would have little choice in such cases but to order DOCS and other agencies to produce the complete, personal home addresses of their employees in order *to* facilitate service.

resulting from the purportedly deficient service. As such, plaintiff's failure to effect timely service upon the moving defendants in the precise manner specified by N.Y. CPLR. § 307(1) and (2) is excused.

### III. Plaintiff's Claims Against Judith Ratner

Defendants contend that the complaint asserts no plausible allegations of a constitutional violation by Judith Ratner, an employee of the Department of Civil Service and the only non-DOCS party named in the complaint. Indeed, the only allegation in the amended complaint concerning Ratner is the allegation that she engaged in "harassment discrimination" against plaintiff, in the form of "denial of freedom of information law ["FOIL"] requests." (Dkt. # 30 at ¶ 14).

Defendants contend that the denial of a FOIL request under the circumstances alleged by plaintiff cannot, as a matter of law, present a constitutional violation. To the extent that plaintiff intended to include Ratner in his Fourteenth Amendment claim, defendants are correct, as no such claim would lie. *See Simpson v. Town of Southampton*, 2007 U.S. Dist. LEXIS 43649 at *14 (E.D.N.Y.2007) (there is no constitutionally protected property interest in the satisfactory handling of FOIL requests, and therefore denial of a FOIL request cannot form the basis for a Fourteenth Amendment due process claim, where plaintiff failed to take advantage of state law procedures for appealing the denial); *Lawrence v. Antonucci*, 2005 U.S. Dist. LEXIS 38777 at *10–*11 (W.D.N.Y. 2005) (denial of FOIL request does not implicate Fifth or Fourteenth Amendment due process rights, where plaintiff did not pursue state law remedies).

However, with respect to the plaintiff's First Amendment retaliation claim, the case law relied upon by defendants holds merely that the First Amendment does not confer a blanket right of access to all government records. *See Schuloff v. Fields*, 950 F.Supp. 66 (E.D.N.Y.1997). Here, plaintiff is not claiming that the First Amendment entitled him to disclosure of the records he requested through FOIL: rather, he asserts that Ratner's denial of his FOIL request was an unconstitutional act of retaliation for his exercise of his own First Amendment rights. While the allegations against Ratner are sparse and their merits untested at present, I conclude that on the face of the complaint, plaintiff has managed to sufficiently state a claim against Ratner for retaliation in violation of the First Amendment. *See generally Adrian v. Town of Yorktown*, 2007 WL 1467417, 2007 U.S. Dist. LEXIS 36448 (S.D.N.Y.2007) (noting that it was unclear whether plaintiffs who alleged that a defendant "violat[ed] the Freedom of Information Law [and was motivated by] retaliation to punish plaintiffs" are attempting to assert both First Amendment retaliation and due process claims, but finding that the claim should be dismissed *only* insofar as it alleged a denial of due process).

### CONCLUSION

For the foregoing reasons, I find that plaintiff's failure to timely serve the defendants with the complaint is excused, and that plaintiff has sufficiently stated a claim for retaliation in violation of the First Amendment against defendant Ratner, but has failed to state a claim against Ratner under the Fourteenth Amendment. Defendants' motion to dismiss the complaint (Dkt. # 33) is therefore granted in part, and plaintiff's second cause of action, which alleges violation of the Fourteenth Amendment, is dismissed insofar as it is

asserted against Ratner. The motion to dismiss is otherwise denied.

IT IS SO ORDERED.

## DECISION AND ORDER

### INTRODUCTION

In the words of famed American playwright Edward Albee, "[s]ometimes a person has to go a very long distance out of his way to come back a short distance correctly." Such is the case here, insofar as it concerns plaintiff's attempts to effect proper service upon certain individual defendants.

Plaintiff William A. Murray ("Murray"), proceeding *pro se,* brings this action against, among others, a number of employees of the New York State Department of Correctional Services ("DOCS defendants"). Murray alleges that while he was employed by DOCS as a substance abuse counselor, defendants subjected him to various forms of harassment and retaliation, in violation of his constitutional rights under the First and Fourteenth Amendments.

On September 15, 2010 (Dkt.# 51), the Court denied, in relevant part, a motion by defendants (Dkt.# 33) to dismiss the claims against the DOCS defendants in their official capacities pursuant to Fed. R. Civ. Proc. 12(b)(5) and (6), on the grounds that they had not been properly served in the manner required by N.Y. C.P.L.R. § 307(2). Specifically, the Court found that in light of the *pro se* plaintiff's attempts to serve the defendants through mailings to the Commissioner, and a rebuffed attempt to personally serve them through an alleged designated agent for service, the plaintiff's failure to comply with the technical requirements of N.Y. C.P.L.R. § 307 was excused.

The DOCS defendants now move for reconsideration of that Decision and Order (Dkt.# 60). For the following reasons, that motion is granted, the defendants' motion to dismiss plaintiff's claims (Dkt. # 33) is once again granted in part and denied in part,[1] and plaintiff is granted an extension of time in which to serve the individual defendants.

### DISCUSSION

"Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cioce v. County of Westchester,* 128 Fed. Appx. 181, 185 (2d Cir.2005). Thus, reconsideration is appropriate where necessary to correct for "clear error" or to "prevent manifest injustice," *Munafo v. Metro. Transp. Auth.,* 381 F.3d 99, 105 (2d Cir.2004), but should not be employed for the purpose of merely rearguing that which was previously decided. *See Shrader v. CSX Tranp.,* 70 F.3d 255, 257 (2d Cir.1995).

Initially, the DOCS defendants argue that the Court erroneously found that DOCS counsel Tom Goetz ("Goetz") was a designated agent for service on the defendants. Although defendants did not, on their initial motion, challenge or respond to plaintiff' contention that Goetz was a designated agent for service, defendants now offer evidence that Goetz had not, in

---

1. In its September 15, 2010 Decision and Order, the Court granted the defendants' motion to dismiss only insofar as it pertained to plaintiff's claims against Department of Civil Service employee Judith Ratner. (Dkt.# 51).

Neither party has requested reconsideration of that portion of the decision at issue, and plaintiff's claims against Ratner remain dismissed for the reasons set forth therein.

fact, been so designated. It is not clear why this fact was not presented to the Court by defendants in their initial motion to dismiss.

Defendants contend that Goetz's refusal to accept the summonses tendered by plaintiff was not undertaken in bad faith, but merely because Goetz lacked any authority to accept service. Therefore, defendants urge, the Court erred in applying the provisions of N.Y. C.P.L.R. § 307(2) which relate to service upon a state agency's designated agent, and in interpreting the provisions with respect to the extent to which service may be made upon a designated agent.

■ In the interest of justice, the Court has considered the new evidence and argument submitted by defendants, and the motion for reconsideration (Dkt.# 60) is granted. The Court's September 15, 2010 Decision and Order is hereby vacated to the extent that the Court concluded that plaintiff's attempt to personally serve the individual DOCS defendants was excused by good cause. Rather, I find that plaintiff is entitled, pursuant to the provisions of Fed. R. Civ. Proc. 4(m), to an extension of time to properly effect service upon those individual defendants.

■ "A court can exercise its discretion in granting an extension without good cause, rather than dismissing the case for improper service, considering the following factors: '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by granting plaintiff's request for relief from the provision.'" *Lumbermens Mut. Cas. Co. v. Dinow*, 2009 WL 2424198 at *4, 2009 U.S. Dist. LEXIS 68658 at *10–*12 (E.D.N.Y.2009), *quoting*

*Kalra v. City of New York*, 2009 WL 857391 at *3, 2009 U.S. Dist. LEXIS 28857 at *12 (S.D.N.Y.2009).

Concerning the first factor, "courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Beauvoir v. United States Secret Service*, 234 F.R.D. 55, 58 (E.D.N.Y.2006) (internal citations and quotation marks omitted). Here, the plaintiff's claims of unconstitutional retaliation pursuant to the First and Fourteenth Amendment originate with his employment in 2004. As such, it is probable that if plaintiff were required to file his case anew, a number of his claims would be barred by the applicable three-year statute of limitations. *See Young v. Strack*, 2007 WL 1575256 at *4, 2007 U.S. Dist. LEXIS 39771 at *9 (S.D.N.Y.2007) (three-year statute of limitations applies to First Amendment retaliation and Fourteenth Amendment claims).

The second factor also weighs in the plaintiff's favor. As the Court noted in its September 15, 2010 Decision and Order, "the defendants are clearly on notice of this matter and the specific claims against them: each has appeared by counsel and either timely answered the complaint, or else moved to dismiss it in lieu of an answer." (Dkt. # 51 at 6). "In this regard, the 'core function' of service, that is, to supply notice of the legal action, has been satisfied." *See Lumbermens Mut. Cas. Co.*, 2009 WL 2424198 at *4, 2009 U.S. Dist. LEXIS 68658 at *11, *quoting Henderson v. United States*, 517 U.S. 654, 671, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996).

The third factor, whether the defendant attempted to conceal the defect in service, is neutral. The defendants timely moved to dismiss the action on the grounds of the

alleged defects in service, and the plaintiff has timely responded, opposing that motion.

The final factor, whether defendants will be prejudiced by an extension, weighs in favor of plaintiff. The defendants offer no evidence that they would be prejudiced if an extension is granted, and have thus far fully and actively participated in the present action.

In light of the pertinent considerations, and the long-standing judicial preference for deciding cases upon their merits, *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988), I find that defendants' motion to dismiss the complaint for failure to timely effect service should be denied in part and to the same extent articulated in the Court's September 15, 2010 Decision and Order (Dkt. # 51, dismissing plaintiff's claims against Judith Ratner and declining to dismiss plaintiff's claims against the remaining defendants), and that plaintiff is entitled to an extension of time to serve the individual defendants, who have been sued in their official capacities.

### CONCLUSION

For the foregoing reasons, defendants' motion for reconsideration (Dkt.# 60) is granted, defendants' motion to dismiss (Dkt.# 33) is again denied in part, and plaintiff's request for an extension of time to serve the remaining individual defendants with the summons and amended complaint is granted. Within fifteen (15) days of entry of this Decision and Order, the individual defendants are ordered to produce their correct home addresses to plaintiff, or in the alternative, to notify plaintiff that: (1) they have consented to waive additional service, or (2) that their counsel is authorized to accept service on their behalf. Plaintiff is directed that service upon any defendant who discloses his home address, and/or upon counsel author-

ized by any defendant to receive service, must be completed within thirty (30) days of such disclosure or notification.

IT IS SO ORDERED.