**CONNECTICUT HOSPITAL ASSOC., et al., Plaintiffs**

v.

**William A. O'NEILL, et al., Defendants.**

**Civ. No. 3–90–714 (WWE).**

United States District Court, D. Connecticut.

May 26, 1994.

---

1. This Court does not reach the question of whether it could assert jurisdiction over affirmative defenses that did not make monetary claims against the Bank's assets. Here, third-party defendants' counterclaim does demand payment from the Bank's assets and clearly falls outside this Court's jurisdiction.

60

Alan G. Schwartz, Keith M. Krom, Denise M. Bourque, Wiggin & Dana, New Haven, CT, and Fredric J. Entin, American Hosp. Ass'n, Chicago, IL, for plaintiffs.

Phyllis E. Hyman, Kenneth H. Kennedy, Jr., Peter L. Brown, Attorney General's Office, Heather Wilson, Maite Barainca, Arnold I. Menchel, Henry A. Salton, Attorney General's Office, Health & Human Services, Hartford, CT, and Kenneth A. Graham, Atty. General's Office, Bridgeport, CT, for defendants.

Deirdre Anne Martini, U.S. Attorney's Office, Bridgeport, CT, for third-party defendant.

Maite Barainca, Atty. General's Office, Health and Human Services, Hartford, CT, for movant.

## RULING ON DEFENDANTS' MOTION FOR STAY PENDING APPEAL

EGINTON, Senior District Judge.

Defendants move pursuant to Fed.R.Civ.P. 62(c) for a stay of the court's ruling on plaintiffs' motion for relief and the ensuing order dated March 30, 1994. At the heart of the pending motion is the court's ruling dated January 18, 1994, wherein the court granted summary judgment in favor of plaintiffs on Count II of the Amended Complaint. The court determined that defendants failed to make findings establishing a nexus between the costs of operating efficient and economic facilities and the reimbursement rates under the state plan in violation of the Boren Amendment. *Ruling*, at p. 11 (Jan. 18, 1994).

After the court's summary judgment ruling, plaintiffs filed a motion for relief. The court granted the motion and entered an order. The order declared Connecticut's medicaid reimbursement mechanism for inpatient hospital services null and void. The order also required the state to reimburse the plaintiff hospitals in accordance with Medicare reasonable cost principles, pending compliance with the findings requirement of the Boren Amendment. The court further ordered the defendants to submit findings on or before May 31, 1994, that comply with federal law, i.e., findings that establish " 'an objective benchmark of an efficiently and economically operated facility.' " *Ruling*, at p. 13 (Jan. 18, 1994) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 519, 110 S.Ct. 2510, 2523, 110 L.Ed.2d 455 (1990)).

On April 29, 1994, defendants filed an interlocutory appeal with the Second Circuit. Defendants subsequently filed the instant motion to stay the order of relief pending the appeal. For the reasons that follow, defendants' motion will be denied.

## DISCUSSION

■ The issuance of a stay pending appeal lies within the discretion of the court. *Hayes v. City Univ. of New York*, 503 F.Supp. 946, 962 (S.D.N.Y.1980), *aff'd*, 648 F.2d 110 (2d Cir.1981). The court must assess the propriety of a stay in view of the following four factors: (1) whether the stay applicant will suffer irreparable injury absent a stay; (2) whether a party will suffer substantial injury if a stay is issued; (3) whether the stay applicant has demonstrated a substantial possibility of success on appeal; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1992).

■ In the present case, a stay pending appeal will seriously burden plaintiff hospitals. Recent undisputed data indicates that a gap between plaintiffs' Medicaid costs and the state's reimbursement continues to widen at an alarming rate. Indeed, by fiscal year 1992 the gap had reached roughly $49 million. In addition, the Eleventh Amendment bars retrospective monetary relief. *See, e.g., Banerjee v. Roberts*, 641 F.Supp. 1093, 1101 (D.Conn.1986). It follows that any delay in the effect of the court's order and in the advancement of the case toward trial will irreparably harm plaintiff hospitals.

It is true that absent a stay the court's order will inconvenience defendants. The state will incur significant expense in fulfilling the court's requirement that it make findings in compliance with the Boren Amendment. On the other hand, the state will not yet feel the full effect of the most significant aspect of the court's order, i.e., the requirement that the state pay medicaid costs in accordance with reasonable cost principles pending compliance with the Boren Amendment. The court mitigated the effect of this order by requiring plaintiffs to post an injunction bond to cover any costs that exceed the amount calculated under the now null and void state Medicaid system.

■ In ruling on a motion pursuant Rule 62(c), the district court's objective is to preserve the status quo during the pendency of an appeal. *Kidder, Peabody & Co., Inc. v. Maxus Energy Corp.*, 925 F.2d 556, 565 (2d Cir.), *cert. denied*, 501 U.S. 1218, 111 S.Ct. 2829, 115 L.Ed.2d 998 (1991); 7 James W. Moore et al., *Moore's Federal Practice* ¶ 62.05 (2d ed. 1993). Here, the reality is that there is no way to truly meet this goal. The best the court can do is balance the

hardships. In doing so, the court maintains its view that a stay pending appeal would burden plaintiffs more than the denial of a stay would burden defendants.

■■■ The court next considers the question of whether defendants have a strong probability of obtaining a reversal of this court's ruling and ensuing order. Defendants bear the burden of showing a substantial possibility, although less than a likelihood, of success on appeal. *Hirschfeld*, 984 F.2d at 39.

It is inherently difficult for litigants to convince a judge who has not ruled their favor that they are likely to succeed on appeal. *Hayes*, 503 F.Supp. at 963. Objectivity is best obtained from a review of the precedent on which the court relied. *See United States v. Eastern Air Lines, Inc.*, 923 F.2d 241, 244 (2d Cir.1991) (stating that likelihood of success question depends on whether district court applied proper legal principles). In this regard, the court was fortunate to have considerable guidance from the Second Circuit's decision in *Pinnacle Nursing Home v. Axelrod*, 928 F.2d 1306 (2d Cir.1991).

The court in *Pinnacle* found that New York failed to make adequate findings for purposes of compliance with the Boren Amendment. Specifically, the state failed to "establish a nexus between the costs of operating efficient and economic . . . facilities and the proposed reimbursement rates under the state plan." *Id.* at 1314. The instant case involves similar circumstances that lead to the same conclusion. In addition, numerous other federal cases have confronted the issue of whether a state's findings comply with the Boren Amendment. *See Abbeville Gen. Hosp. v. Ramsey*, 3 F.3d 797, 805 (5th Cir. 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1542, 128 L.Ed.2d 194 (1994); *Temple Univ. v. White*, 941 F.2d 201, 210 (3d Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 873, 116 L.Ed.2d 778 (1992). *AMISUB, Inc. v. Dept. of Social Services*, 879 F.2d 789, 796 (10th Cir.1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 110 L.Ed.2d 660 (1990); *Rye Psychiatric Hosp. Center, Inc. v. Surles*, 768 F.Supp. 82, 87 (S.D.N.Y.1991). The court's decision appears to be on all fours with this authority in that it merely requires the state to articulate "an objective benchmark of an efficiently and economically operated facility." *Wilder*, 496 U.S. at 519, 110 S.Ct. at 2523. Defendants have attempted to redraft the court's ruling to pull it away from the guidance of *Pinnacle*. The court, however, remains convinced that *Pinnacle* dictates the result that the court reached.

In their attempt to establish a probability of success on appeal, defendants misconstrue the court's ruling. Defendants claim that the court held that an issue of fact exists as to the question of compliance with the findings requirement of the Boren Amendment. The court never made such a determination. Defendants' argument is predicated on the following excerpt of the court's rulings:

[I]n the last three years, just one hospital may have received full reimbursement for Medicaid costs. Is it possible that only one in thirty-three general hospitals in Connecticut is efficiently and economically operated? Perhaps so, but the undisputed facts suggest that the system is inadequate to meet the *reimbursement requirements* of the Boren Amendment.

*Ruling*, at p. 11. (Jan. 18, 1994) (emphasis added). It is true that the court left the question posed without a definitive answer. The answer however relates to *substantive* compliance, namely, whether the state's Medicaid system meets the reimbursement requirements, not the findings requirement. In no way does the court's ruling suggest that issues of fact remain with respect to the findings requirement of the Boren Amendment. The court finds that defendants have not demonstrated a substantial possibility of success on appeal.

■■■ The court next considers the final factor—where the public interest lies. Defendants emphasize the financial burden that the court's ruling will impose on the state. The requirement that plaintiffs post an injunction bond however will greatly minimize the anticipated financial burden. The court also notes that the public's interest in continued and effective Medicaid services may well offset any financial burden on the state. The

public interest factor does not militate decisively in favor of a stay pending appeal.

### CONCLUSION

For the reasons stated herein, defendants' motion for stay pending appeal [# 142] is DENIED.