George L. KREGOS, d.b.a.
American Sports Wire

v.

The LATEST LINE, INC., Susan McCarthy, Jolene McCarthy and Tribune Media Services.

Civ. No. 5–92–cv–398 (WWE).

United States District Court,
D. Connecticut.

Sept. 26, 1996.

Mark P. Stone, Stamford, CT, for Plaintiff.

Aceto & Wells; by Joseph A. Aceto, Hamden, CT, for Latest Line, Inc. and Susan and Jolene McCarthy.

Zeldes, Needle & Cooper; by Robert A. Harris, Bridgeport, CT, for Tribune Media Services.

### RULING ON MOTION FOR RECONSIDERATION

EGINTON, Senior District Judge.

Plaintiff, George L. Kregos, d.b.a. American Sports Wire, commenced this action against the defendants The Latest Line, Inc. ("LLI"), Susan McCarthy, Jolene McCarthy, and Tribune Media Services ("TMS") seeking injunctive relief and compensatory and punitive damages. Plaintiff claims, *inter alia,* that defendant TMS tortiously interfered with plaintiff's contract with LLI to produce a daily newspaper feature called "The Latest Line" which predicts the outcome of sporting events.

Currently pending is plaintiff's motion for reconsideration of the Court's ruling dated March 22, 1996, granting defendant TMS' motion for summary judgment. For the reasons set forth below, the Court will grant plaintiff's motion for reconsideration, and upon reconsideration, will vacate its ruling on TMS' motion for summary judgment.

### BACKGROUND

Familiarity with the Court's ruling is presumed. On February 6, 1995, TMS moved for summary judgment. On March 21, 1995, plaintiff filed with the Clerk of the Court his "Response to TMS' Local Rule 9(c) Statement of Facts Not in Dispute, and Plaintiff's Statement of Facts in Dispute" ("Statement of Facts"). This filing was docketed by the Clerk the same day pursuant to Fed.R.Civ.P. 79(a). No memoranda or exhibits in support were docketed.

The Court reserved decision on defendant TMS' motion for summary judgment pending additional discovery and the filing of a response to defendants Susan and Jolene McCarthy's motion for summary judgment. After additional discovery was complete and plaintiff's response to the McCarthys' motion for summary judgment was filed and docketed, the Court issued its March 1996 ruling denying the McCarthys' motion for summary judgment and granting TMS' motion for summary judgment.

As the Court noted in its original ruling, a plaintiff alleging tortious interference with a contract is required to prove some improper motive or means by the defendant. In support of its motion for summary judgment, defendant TMS submitted a portion of plaintiff's deposition in which he states that he has "no idea what would motivate TMS" to tortiously interfere with his contract with LLI. In his Statement of Facts, plaintiff claimed that genuine issues of material fact existed regarding defendant TMS' alleged bad faith by 1) its undue financial influence over LLI to wrongfully terminate plaintiff's contract and 2) its failing to require LLI to terminate plaintiff's replacement, Benjamin Lee Eckstein, a partner in the production and distribution of a competing sports betting feature known as "America's Line." There was no evidence before the Court supporting plaintiff's arguments regarding TMS' alleged improper motive. Without any support, plaintiff's claims were merely conclusory statements rendering summary judgment in favor of TMS appropriate.

In his motion for reconsideration, plaintiff has submitted a thirty-six page affidavit with exhibits including portions of deposition testimony. Defendant TMS, in its reply to the motion for reconsideration, notes that plaintiff reasserts the same arguments from his original memorandum in opposition to TMS' motion for summary judgment. As already noted, there was no such memorandum dock-

eted by the Clerk. The Court, however, has recently located the file-stamped copy of plaintiff's opposition memorandum, with attached exhibits, which was neither docketed by the Clerk's office pursuant to Fed. R.Civ.P. 79(a) nor filed with the other pleadings in the case.

## DISCUSSION

■■■ A motion for reconsideration is committed to the sound discretion of the court. "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992), *cert. denied*, 506 U.S. 820, 113 S.Ct. 67, 121 L.Ed.2d 34 (1992) (internal quotation marks and citations omitted).

■■■ Here, human error prevented the Court from fully considering plaintiff's arguments, and evidence in support thereof, in opposition to defendant TMS' motion for summary judgment. Accordingly, in the interests of justice and judicial economy, the Court will grant plaintiff's motion for reconsideration, and upon reconsideration, vacate its ruling granting TMS' motion for summary judgment. Upon review, the Court finds that genuine issues of material fact exist regarding an improper motive by TMS.

Plaintiff argues that defendant TMS was trying to force the McCarthys to fire plaintiff and hire Eckstein as his replacement. In support, plaintiff has proffered a Syndication Agreement between Eckstein and TMS to produce a sports betting column known as "Superstats." This Agreement, like the Syndication Agreement between TMS and the McCarthys, contains an exclusivity clause which provides that during the effective dates of the Agreement, Eckstein "shall not enter into any contract, agreement, understanding or arrangement for employment with, or prepare any material for, any newspaper or newspapers or magazines distributed with newspapers other than *New York News*."

Plaintiff testified during his deposition that Eckstein, whose Syndication Agreement with TMS was about to expire in April 1992, was going to syndicate "Superstats" with another company if TMS did not "sweeten the pot." Plaintiff also stated that Eckstein always wanted to produce "The Latest Line." Jolene McCarthy testified during her deposition that TMS recommended Eckstein to the McCarthys as a possible replacement for plaintiff. Moreover, plaintiff has submitted a letter dated June 23, 1992, the same date plaintiff was fired, from Eckstein to the McCarthys confirming his future position as producer of "The Latest Line." Further, plaintiff proffers a Modification of Syndication Agreement dated June 30, 1992, between TMS and Eckstein in which the parties modify their Syndication Agreement in two ways: 1) by giving Eckstein a 60% commission for production of "Superstats" as opposed to a 50% commission; and 2) by amending the exclusivity clause to exclude any contract, agreement or the preparation of material relating to Eckstein's production of "The Latest Line."

Finally, there is conflicting evidence as to whether defendant TMS was trying to merge "The Latest Line" with "America's Line." Michael Roxborough testified during his deposition that he and Eckstein, during all relevant times, were partners in the production and distribution of "America's Line." The deposition testimony of John Matthews, a former TMS salesperson, reveals that after the *New York Daily News*, TMS' largest client, stopped carrying "The Latest Line" in the late 1980's to carry "America's Line," Matthews met with Roxborough to determine whether the parties could eventually merge the two lines or whether TMS could sell "America's Line" separately. This is in conflict with TMS' answers to interrogatories which state that no meetings took place regarding an attempt by TMS to acquire rights to "America's Line." This conflicting evidence raises genuine issues of material fact for the factfinder.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration [# 93] is GRANTED.

The Court's March 22, 1996, ruling granting TMS' motion for summary judgment [# 91] is VACATED. The portion of the Court's ruling denying the McCarthys' motion for summary judgment [# 91] remains. Upon reconsideration, TMS' motion for summary judgment [# 67] is DENIED.