Bertram COOPER, Plaintiff,

v.

UNITED STATES POSTAL SERVICE,
et al., Defendants.

No. 3:03CV01694(DJS).

United States District Court,
D. Connecticut.

Aug. 28, 2007.

Kevin M. Smith, Wiggin & Dana, New Haven, CT, Renee Colette Redman, American Civil Liberties Union, Hartford, CT, Su-

zanne Ellen Wachsstock, Wiggin & Dana, Stamford, CT, for Plaintiff.

Douglas P. Morabito, John B. Hughes, U.S. Attorney's Office, New Haven, CT, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SQUATRITO, District Judge.

Plaintiff, Bertram Cooper ("the Plaintiff") brought this action for declaratory and injunctive relief against Defendants United States Postal Service ("the Postal Service"), John E. Potter, and Ronald G. Boyne (collectively, "the Defendants"), and against Intervenor Defendants Full Gospel Interdenominational Church, Inc., Dr. Philip Saunders Heritage Association, Inc., and Sincerely Yours, Inc. ("SYI") (collectively, "the Intervenor Defendants"), alleging violations of his rights, and the rights of all citizens, under the Establishment Clause of the First Amendment to the United States Constitution. The court assumes that the parties are familiar with the background facts of this case, and need not restate them in detail here.[1] In brief, this case involved whether, and to what extent, it is constitutional for the Postal Service to allow the Church to operate a business known as a contract postal unit ("CPU"), which, pursuant to a contract with the Postal Service, provides certain postal services to the public.

Now pending before the court is the "Motion to Alter or Amend Judgment" (**dkt. # 75**) filed by the Defendants, and the "Motion to Alter or Amend the Judgment Dated April 30, 2007, Pursuant to Fed.R.Civ.P. 59(e)" (**dkt. # 77**) filed by the Intervenor Defendants. The Plaintiff filed memoranda in response and opposition to the Defendants' and Intervenor Defendants' motions (*see* dkt. # s 85 & 86). For the reasons stated herein, the Intervenor Defendants's motion (**dkt. # 77**) is **DENIED,** and the Defendants' mo-

tion (**dkt. # 75**) is **GRANTED in part and DENIED in part.**

## I. DISCUSSION

The Defendants and the Intervenor Defendants both move pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Fed. R.Civ.P.") to have the court modify the Declaratory Judgment and Injunction entered on April 30, 2007. The Intervenor Defendants argue that the removal of certain signs from the contract postal unit operated by SYI[2] ("the SYI CPU"), would extirpate the necessity of the relief granted in the Declaratory Judgment and Injunction. The Defendants argue that paragraphs 2 and 3 of the Injunction, which relate to the Postal Service, should be omitted because: (1) the court made no findings that would support the conclusion that the Plaintiff is entitled to injunctive relief against the Postal Service; (2) the court made no findings that would support the conclusion that the Plaintiff has standing to seek injunctive relief with respect to any entity but SYI, or that the conduct of any entity but SYI proselytizes or advances religion; and (3) the Injunction is too vague to satisfy the requirements of Rule 65 of the Federal Rules of Civil Procedure. The Defendants also argue that the references to the Postal Service contained in the Declaratory Judgment should be omitted on the grounds that: (1) the court made no findings that would support the conclusion that the Plaintiff has standing to seek relief with respect to any entity but SYI; and (2) the court made no findings that would support the conclusion that relief would be warranted if the Plaintiff did have standing against the Postal Service.

The Plaintiff, in his opposition memoranda, rejects the Intervenor Defendants' arguments outright, and proposes an amended order, containing an altered declaratory judgment and injunction, that would allay some of the concerns raised by the Defen-

---

1. The court set forth the background facts of this case in its April 18, 2007 Memorandum of Decision and Order, which granted in part and denied in part the Defendants' motion for summary judgment and granted in part and denied in part the Plaintiff's motion for summary judgment.

*See Cooper v. U.S. Postal Service,* 482 F.Supp.2d 278 (D.Conn.2007).

2. SYI is a corporation set up by the Church for the purpose of establishing and operating the contract postal unit.

dants. The court, having reviewed the Intervenor Defendants' and the Defendants' motions, shall address their arguments seriatim.

## A. STANDARD FOR RULE 59(E) MOTION [3]

■ "Although Rule 59(e) does not prescribe specific grounds for granting a motion to alter or amend an otherwise final judgment, ... district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal quotation marks omitted). "A district court's denial of a party's motion to alter or amend judgment under Rule 59(e) is ... reviewed for an abuse of discretion." *Id.; see McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983) (holding that rulings under Rule 59(e) are "committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion."); *Kregos v. Latest Line, Inc.*, 951 F.Supp. 24, 26 (D.Conn.1996) ("A motion for reconsideration is committed to the sound discretion of the court.")

■ In general, the three grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotation marks omitted). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range*

*Road Music, Inc. v. Music Sales Corp.*, 90 F.Supp.2d 390, 391–92 (S.D.N.Y.2000). That is, "[a] motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *SPGGC, Inc. v. Blumenthal*, 408 F.Supp.2d 87, 91 (D.Conn.2006) (internal quotation marks omitted). "It is also not appropriate to use a motion to reconsider solely to re-litigate an issue already decided." *Id.* at 91–92.

## B. THE INTERVENOR DEFENDANTS' RULE 59(E) MOTION

■ In their memorandum of law, the Intervenor Defendants state that the court "appeared most troubled by the signage at [the SYI CPU], especially two large signs, one on the outside and one on the inside." (*See* dkt. # 77, Memo. of Law, p. 1.) The signs the Intervenor Defendants reference here are those containing words or emblems representing the Postal Service. The Intervenor Defendants propose that the SYI CPU "remove the said two large signs ... as well as a third small sign inside .... [and] add an explanation to the term 'United States Contract Postal Unit' that states: 'This is not an official post office, but a private entity, Sincerely Yours, Inc., which is providing postal services.'" (*Id.*, p. 2.) According to the Intervenor Defendants, the above-described changes would dislodge the SYI CPU from its position as a "state actor."

The court rejects the Intervenor Defendants' arguments. First, the Intervenor Defendants have not met the standard for a motion to alter or amend a judgment. The Intervenor Defendants do not point to an intervening change of controlling law or new evidence, nor do they assert that the court overlooked controlling decisions or data that would alter its prior decision. Thus, the Intervenor Defendants' motion warrants a denial on those bases alone. Second, although the signs at the SYI CPU played a part in the court's reasoning, they did not constitute the cornerstone of the court's

---

**3.** The court notes that motions to alter or amend a judgment may also be characterized as motions for reconsideration. *See Cioce v. County of Westchester*, 128 Fed.Appx. 181, 185 (2d Cir. 2005)("[T]he district court properly construed the [plaintiff's] motion as one for reconsideration (which could also be characterized as a motion to alter or amend the judgment).") (citing Fed. R.Civ.P. 59(e)).

April 18, 2007 decision. Because the parties have access to the court's April 18, 2007 decision, the court shall not now undertake the weighty task of recounting the analysis in that decision. Needless to say, the court's decision was not only based on the above-mentioned signs, but also on other significant factors that caused the SYI CPU to be a state actor. *See Cooper,* 482 F.Supp.2d at 292–95. Consequently, the Intervenor Defendants' motion to alter or amend the Declaratory Judgment and Injunction (dkt.# 77) is **DENIED.**

### C. THE DEFENDANTS' RULE 59(E) MOTION

█ In their motion and supporting memorandum of law, the Defendants ask that the court alter or amend the judgment based upon the following: (1) the court made no findings that would support the conclusion that the Plaintiff is entitled to injunctive relief against the Postal Service; (2) the court made no findings that would support the conclusion that the Plaintiff has standing to seek relief with respect to any entity but SYI, or that the conduct of any entity but SYI proselytizes or advances religion; and (3) the Injunction is too vague to satisfy the requirements of Rule 65 of the Federal Rules of Civil Procedure.[4] The Defendants essentially ask the court to erase all references to the Postal Service in the Declaratory Judgment and Injunction. The court declines to go so far. Nevertheless, the court agrees that the Declaratory Judgment and Injunction should be modified, and the court shall address those modifications below.

The court disagrees with the Defendants' argument that the court made no findings that would support the conclusion that the Plaintiff is entitled to injunctive relief against the Postal Service. A finding of state action is "premised upon the fact that 'the State is *responsible* for the *specific conduct* of which the plaintiff complains.'" *Horvath v. West-*

*port Library Ass'n,* 362 F.3d 147, 154 (2d Cir.2004) (emphasis in original) (quoting *Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)). The Defendants seem take the position that the Postal Service has no relation or involvement with this case, as if the Postal Service were a bystander and the dispute is between the Plaintiff and Intervenor Defendants only. The court rejects this position. In its April 18, 2007 decision, the court found that the Postal Service's contact with the SYI CPU is not so minimal as to preclude a finding of entwinement with the SYI CPU. *See Cooper,* 482 F.Supp.2d at 294. Additionally, SYI CPU performs postal services solely on account of its contract with the Postal Service, and the court has found that the Postal Service's oversight of the SYI CPU and its operations goes beyond the standard arms-length relationship into which contracting parties enter. *See id.* at 294–95.[5] Indeed, the court found that "the SYI CPU is so entwined with the Postal Service that the SYI CPU's actions may be considered the actions of the Postal Service." *Id.* at 292. Based upon the court's finding that the conduct of the SYI CPU can be attributed to the Postal Service, the court believes that the Plaintiff is entitled to injunctive relief against the Postal Service.

█ The Defendants also argue that the court's findings provide no basis for allowing injunctive and declaratory relief to the Plaintiff with respect to any other CPU other than the SYI CPU. The Defendants maintain that the Plaintiff is not entitled to the nation-wide injunctive relief against the Postal Service because his relief is limited to Article III standing requirements, and the scope of the Injunction exceeded that limitation. "In every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004). "To ensure the proper adversarial presentation, [the Supreme Court

---

4. The court notes that the Defendants, in their summary judgment papers, failed to address the appropriateness of the relief sought in the Plaintiff's complaint. Nevertheless, the court shall address the Defendants' concerns.

5. In the court's view, this oversight of the SYI CPU, to which SYI and the Postal Service contracted, does make the Postal Service liable for the SYI CPU's conduct here, and distinguishes this case from the cases cited to in the Defendants' memoranda of law (*see* dkt. # 76, pp. 3–5; dkt. # 90 pp. 5–10).

has held] that a litigant must demonstrate that it has suffered a concrete and particularized injury that is either actual or imminent, that the injury is fairly traceable to the defendant, and that it is likely that a favorable decision will redress that injury." *Massachusetts v. E.P.A.*, —— U.S. ——, ——, 127 S.Ct. 1438, 1453, 167 L.Ed.2d 248 (2007).

The court finds nothing in the record indicating the Plaintiff has suffered a concrete and particularized injury that is either actual or imminent at any CPU other than the SYI CPU. In addition, the Plaintiff appears to concede that he does not have standing entitling him to relief against any CPU other than the SYI CPU. Therefore, the court shall modify the Injunction accordingly. The court also shall modify the Declaratory Judgment to reflect the fact that the Plaintiff is entitled to relief specifically against the SYI CPU, and not against all CPUs in general.

The Defendants further argue that the Injunction is too vague to satisfy the requirements of Rule 65 of the Federal Rules of Civil Procedure. Rule 65(d) reads as follows:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them....

Fed.R.Civ.P. 65(d). "[D]istrict courts whose equity powers have been properly invoked indeed have discretion in fashioning injunctive relief...." *U.S. v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 495, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001); *see Forschner Group, Inc. v. Arrow Trading Co., Inc.*, 124 F.3d 402, 406 (2d Cir.1997) ("A district court has a wide range of discretion in framing an injunction in terms it deems reasonable to prevent wrongful conduct, ... and [the court of appeals] will not disturb on appeal the relief granted unless there has been an abuse of discretion ....") (internal quotation marks

and citations omitted). Nevertheless, "[i]njunctive relief should be narrowly tailored to fit specific legal violations. Accordingly, an injunction should not impose unnecessary burdens on lawful activity." *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 220 (2d Cir.2003) (internal quotation marks omitted). "[U]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law." *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir.1996). In light of Rule 65(d) and the relevant case law, the court shall modify the Injunction[6] so that it specifies what conduct is being prohibited. Consequently, the Defendants' motion to alter or amend the Declaratory Judgment and Injunction (dkt.# 75) is **GRANTED in part and DENIED in part.**

## II.  CONCLUSION

The court hereby **ORDERS** the following:

**(A) The Intervenor Defendants' "Motion to Alter or Amend the Judgment Dated April 30, 2007, Pursuant to Fed.R.Civ.P. 59(e)" (dkt.# 77) is DENIED.**

**(B) The Defendants' "Motion to Alter or Amend Judgment" (dkt.# 75) is GRANTED in part with regard to the declaratory judgment.** An *amended declaratory judgment* **shall issue forthwith stating the following:**

> **To the extent that Sincerely Yours, Inc., in the course of operating the Sincerely Yours, Inc. Contract Postal Unit or otherwise providing postal services pursuant to its contract with the United States Postal Service, acts in a manner that proselytizes or advances religion by posting or presenting religious displays, prayer cards, advertisements, donation solicitations, and telecommunication videos or broadcasts that proselytize or advance the religion of the Full Gospel Interdenominational Church, Inc. or its affiliates, such conduct violates the First Amendment to the United States Constitution.**

so that its language parallels the language of the amended injunction.

---

**6.** Because the court is modifying the injunction, the declaratory judgment shall also be modified

(C) The Defendants' "Motion to Alter or Amend Judgment" (dkt.# 75) is GRANTED in part and DENIED in part with regard to the injunction. An *amended injunction* shall issue whereby:

(1) Sincerely Yours, Inc., in the course of operating the Sincerely Yours, Inc. Contract Postal Unit or otherwise providing postal services pursuant to its contract with the United States Postal Service, shall remove from the Sincerely Yours, Inc. Contract Postal Unit any and all religious displays, prayer cards, advertisements, donation solicitations, and telecommunication videos or broadcasts that proselytize or advance the religion of the Full Gospel Interdenominational Church, Inc. or its affiliates;

(2) the United States Postal Service, in its oversight of the Sincerely Yours, Inc. Contract Postal Unit, shall: (a) prohibit Sincerely Yours, Inc., in the course of operating the Sincerely Yours, Inc. Contract Postal Unit or otherwise providing postal services pursuant to its contract with the United States Postal Service, from posting or presenting religious displays, prayer cards, advertisements, donation solicitations, and telecommunication videos or broadcasts that proselytize or advance the religion of the Full Gospel Interdenominational Church, Inc. or its affiliates; and (b) monitor the Sincerely Yours, Inc. Contract Postal Unit to ensure compliance with paragraph (1) of this amended injunction.

SO ORDERED.