**Bertram COOPER, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, et al., Defendants.**

No. 3:03CV01694 (DJS).

United States District Court,
D. Connecticut.

Nov. 1, 2007.

Kevin M. Smith, Wiggin & Dana, New Haven, CT, Renee Colette Redman, American Civil Liberties Union, Hartford, CT, Suzanne Ellen Wachsstock, Wiggin & Dana, Stamford, CT, for Plaintiff.

Douglas P. Morabito, John B. Hughes, U.S. Attorney's Office, New Haven, CT, for Defendants.

### MEMORANDUM OF DECISION
### AND ORDER

DOMINIC J. SQUATRITO, District Judge.

Plaintiff, Bertram Cooper ("the Plaintiff") brought this action for declaratory and injunctive relief against Defendants United States Postal Service ("the Postal Service"), John E. Potter, and Ronald G. Boyne (collectively, "the Defendants"), and against Intervenor Defendants Full Gospel Interdenominational Church, Inc., Dr. Philip Saunders Heritage Association, Inc., and Sincerely Yours, Inc. ("SYI") (collectively, "the Intervenor Defendants"), alleging violations of his rights, and the rights of all citizens, under the Establishment Clause of the First Amendment to the United States Constitution. The court assumes that the parties are familiar with the background facts of this case, and need not restate them in detail here.[1] In brief, this case involved whether, and to what extent, it is constitutional for the Postal Service to allow the Church to operate a business known as a contract postal unit, which, pursuant to a contract with the Postal Service, provides certain postal services to the public.[2]

In the court's April 18, 2007 decision on the parties' motions for summary judgment, the court issued a declaratory judgment and

---

[1]. The court set forth the background facts of this case in its April 18, 2007 Memorandum of Decision and Order, which granted in part and denied in part the Defendants' motion for summary judgment and granted in part and denied in part the Plaintiff's motion for summary judgment.

See Cooper v. U.S. Postal Service, 482 F.Supp.2d 278 (D.Conn.2007) ("Cooper I").

[2]. The contract postal unit at issue is the Sincerely Yours, Inc. Contract Postal Unit ("the SYI CPU").

permanent injunction. Both the Defendants and the Intervenor Defendants subsequently moved to alter or amend the court's judgment and injunction. On August 28, 2007, the court denied the Intervenor Defendants' motion to alter or amend, but granted in part the Defendants' motion to alter or amend. *See Cooper v. U.S. Postal Service*, 245 F.R.D. 60 (D.Conn.2007) (*"Cooper II"*). In *Cooper II*, the court modified the April 18, 2007 declaratory judgment and permanent injunction to read as follows:

> An amended declaratory judgment shall issue forthwith stating the following:
>
> To the extent that Sincerely Yours, Inc., in the course of operating the Sincerely Yours, Inc. Contract Postal Unit or otherwise providing postal services pursuant to its contract with the United States Postal Service, acts in a manner that proselytizes or advances religion by posting or presenting religious displays, prayer cards, advertisements, donation solicitations, and telecommunication videos or broadcasts that proselytize or advance the religion of the Full Gospel Interdenominational Church, Inc. or its affiliates, such conduct violates the First Amendment to the United States Constitution....
>
> An amended injunction shall issue whereby:
>
> (1) Sincerely Yours, Inc., in the course of operating the Sincerely Yours, Inc. Contract Postal Unit or otherwise providing postal services pursuant to its contract with the United States Postal Service, shall remove from the Sincerely Yours, Inc. Contract Postal Unit any and all religious displays, prayer cards, advertisements, donation solicitations, and telecommunication videos or broadcasts that proselytize or advance the religion of the Full Gospel Interdenominational Church, Inc. or its affiliates;
>
> (2) the United States Postal Service, in its oversight of the Sincerely Yours, Inc. Contract Postal Unit, shall:
>
> (a) prohibit Sincerely Yours, Inc., in the course of operating the Sincerely Yours, Inc. Contract Postal Unit or otherwise providing postal services pursuant to its contract with the United States Postal Service, from posting or presenting religious displays, prayer cards, advertisements, donation solicitations, and telecommunication videos or broadcasts that proselytize or advance the religion of the Full Gospel Interdenominational Church, Inc. or its affiliates; and
>
> (b) monitor the Sincerely Yours, Inc. Contract Postal Unit to ensure compliance with paragraph (1) of this amended injunction.

*Cooper II*, 245 F.R.D. at 64–65.

On October 26, 2007, the Intervenor Defendants filed a notice of appeal.[3] (*See* dkt. # 97.) The Intervenor Defendants now ask for a stay of the court's Amended Injunction pending their appeal. (*See* dkt. # 93). For the following reasons, the Intervenor Defendants' motion for a stay (dkt.# 93) is **GRANTED.**

■■■ Based on the nature of the Intervenor Defendants' request, the court assumes that their motion is brought pursuant to Rule 62(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."). Rule 62(c) reads as follows: "When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal...." Fed.R.Civ.P. 62(c). As the Second Circuit recently noted,

> The four factors to be considered in issuing a stay pending appeal are well known: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*In re World Trade Center Disaster Site Litig.*, 503 F.3d 167, 170–71 (2d Cir.2007) (internal quotation marks and footnote omitted). "[T]he degree to which a factor must be present varies with the strength of the other

---

**3.** The Defendants also filed a notice of appeal on October 26, 2007. (See dkt. # 98.)

**418**

factors, meaning that more of one [factor] excuses less of the other." *Id.* (internal quotation marks omitted). The court believes that these factors weigh in favor of granting a stay.

With regard to the first factor, the court must determine whether the Intervenor Defendants have made a "strong showing" that they are likely to succeed on the merits of their appeal. Or, put another way, the court is put in the odd position of deciding the likelihood that the issuance or scope of the Amended Injunction is somehow improper, even though the court obviously believes that the Amended Injunction is proper. *See Morgan Guar. Trust Co. of N.Y. v. Republic of Palau,* 702 F.Supp. 60, 65–66 (S.D.N.Y.1988) ("By definition, of course, the effort has been made to achieve a result that is just and supported by the authorities and that therefore will be supported upon review. To conclude otherwise would require the judgment to be set aside.") In discussing this factor, the Second Circuit has found "considerable merit in the approach expressed by the District of Columbia Circuit: 'The necessary "level" or "degree" of possibility of success will vary according to the court's assessment of the other [stay] factors.'" *Mohammed v. Reno,* 309 F.3d 95, 101 (2d Cir.2002) (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 843 (D.C.Cir.1977)). In applying this test, the court could grant "a stay pending appeal where the likelihood of success is not high but the balance of hardships favors the applicant. . . ." *Id.* "'The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff[ ] will suffer absent the stay. Simply stated, more of one excuses less of the other.'" *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir.1991)).

In looking at the other factors, then, the court believes that the balance of hardships favors the Intervenor Defendants, which in turn means that their burden for the first factor (i.e., likelihood of success) is lower. The court believes that, with regard to the second and third factor, more harm would come to the Intervenor Defendants than to the Plaintiff absent a stay. First, the Amended Injunction directs the Intervenor Defendants to alter the way the SYI CPU conducts its operations, which is a burden borne by the Intervenor Defendants, not the Plaintiff. Second, the Amended Injunction has serious First Amendment implications. If the Amended Injunction were found to be improper in some way, the Intervenor Defendants, absent a stay, would have suffered irreparable injury, as they would have been enjoined from exercising their First Amendment rights. The potential harm to the Plaintiff through the issuance of a stay (whereby the Plaintiff, if he chooses to patronize the SYI CPU, would exposed to the religious displays there) is not, in the court's view, as substantial as the potential harm to the Intervenor Defendants.

Furthermore, the court believes that the fourth factor (i.e., public interest) does not weigh heavily in any party's favor. The public interest here lies in the proper preservation and implementation of those rights and freedoms guaranteed by the First Amendment. The parties in this case have their respective arguments on this issue, but, for the purposes of a stay, the court is not convinced of their arguments. Thus, because the court has found that the Intervenor Defendants have a stronger case with regard to the second, third, and fourth factors, their burden for the first factor (likelihood of success) is lowered. Therefore, even though the court is not convinced that the Intervenor Defendants are likely to succeed, the other factors considered by the court necessitate a stay.

In addition, given the issues presented in this case, the court believes that a stay is proper here. *See Cayuga Indian Nation of N.Y. v. Pataki,* 188 F.Supp.2d 223, 253 (N.D.N.Y.2002) ("[B]ecause of the difficulties of the issues . . . presented, it would be foolhardy to predict that there is no likelihood of success on appeal.") (internal quotation marks omitted). "[T]ribunals may properly stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained." *Holiday Tours, Inc.,* 559 F.2d at 844–45. In

addition, as noted by the Honorable Warren W. Eginton, "[i]n ruling on a motion pursuant Rule 62(c), the district court's objective is to preserve the status quo during the pendency of an appeal." *Conn. Hosp. Ass'n v. O'Neill,* 863 F.Supp. 59, 61 (D.Conn.1994). This case involves thorny (yet interesting) First Amendment questions. In the court's view, the preservation of the status quo during the pendency of the Intervenor Defendants' appeal is warranted. Consequently, the Intervenor Defendants' motion for a stay (**dkt.# 93**) is **GRANTED.**

## CONCLUSION

For the foregoing reasons, the Intervenor Defendants' motion for a stay (**dkt.# 93**) is **GRANTED.** The enforcement of the Amended Injunction against the Intervenor Defendants is hereby stayed pending a decision on the Intervenor Defendants' appeal.

**SO ORDERED.**